UNITED STATES v. MARTINEZ–GONZALES.

No. 16572.

United States District Court
S. D. California, S. D.

Feb. 14, 1950.

was acquitted by the court on a Motion for a Judgment of Acquittal at the end of the evidence. The jury brought in a verdict which found Martinez guilty for violation as to only one alien.

The verdict reads:

"We, the jury in the above entitled cause, find the defendant Miguel Martinez-Gonzales *guilty* as charged in the indictment concerning Timoteo Ramirez Lara, ——— as charged in the indictment concerning Venancio Jose Ramirez-Garcia, ——— as charged in the indictment concerning Luciano Alvarado-Rodrigues, and ——— as charged in the indictment concerning Filiberto Robles-Reynosa.

De Roy Saum<br>Foreman of the Jury.

Dated: San Diego, California,
 September 30, 1949.
Filed Sep. 30, 1949
Edmund L. Smith, Clerk
By Francis E. Cross,
Deputy Clerk"

Upon receipt of the verdict the Judge accepted it and entered judgment of guilty as to the one alien in accord with the jury's verdict. After discussion with counsel and upon motion of the U. S. Attorney, the court directed the entry of a verdict of acquittal as to the three aliens named in the indictment which were left blank in the verdict.

The defendant makes a motion in arrest of judgment, and in support thereof asserts that an indictment is duplicitous if a judgment of guilty and not guilty as to one count can be, or is made.

It is a well settled principle of law that an indictment which charges more than one substantive offense in one

James M. Carter, United States Attorney, Los Angeles, Cal., Betty Marshall Graydon, Assistant United States Attorney, San Diego, Cal., for plaintiff.

Thomas Whelan, San Diego, Cal., for defendant.

HALL, District Judge.

The defendant Martinez was charged with another in a single count indictment with violation of 8 U.S.C.A. § 144 concerning four aliens named therein.[1] The Section is commonly referred to as the Smuggling Aliens Statute. His codefendant

[1] The text of the indictment follows:
"The grand jury charges:
"On or about June 12, 1949, in Imperial County, California within the Southern Division of the Southern District of California, defendants Miguel Martinez-Gonzales and Guadalupe Ramirez-Delgadillo did bring into the United States of America, attempt to bring into the United States of America, and aid and assist in bringing into the United States of America certain alien persons, namely: Timoteo Ramirez-Lara, Venancio Jose Ramirez-Garcia, Luciano Alvarado-Rodriguez, and Filiberto Robles-Reynosa, which alien persons were not duly admitted by an immigrant inspector and were not lawfully entitled to enter or reside within the United States as the defendants.

count is bad for duplicity.[2] A substantive offense is one which is complete of itself and not dependent upon another. A jury cannot find a verdict of guilty as to one part of a count in an indictment and not guilty as to another part of the same count.[3] Nor can a Judge.

 The test in determining whether separate offenses are charged in *different* counts of an indictment is whether each count requires proof of a fact or facts which is not required of the others.[4] By the same token the test for determining whether or not this single count indictment is duplicitous is whether or not separate proof would be required as to each alien under the Statute. There can be no doubt that separate proof would be required as to each alien. It must be proved that each one was an alien. Just because it is alleged that the defendant smuggled them in, or attempted to smuggle them in, on the same day, is no indication that there was but a single act of the defendant. In fact the proof adduced at the trial in this case showed a different situation existing as to each of the aliens named, which no doubt accounts for the inability of the jury to arrive at a verdict as to three of them.

The question on the motion turns in its finality upon a construction of the statute. If the Statute creates a separate offense as to each alien by virtue of its prescription of a mandatory punishment "for each and every alien" involved, then the indictment is bad for duplicity.

The Statute is not without its perplexities.[5]

It reads in its entirety as follows:

"Sec. 144 (Title 8) Bringing in or harboring or concealing certain aliens.

"Any person, including the master, agent, owner, or consignee of any vessel, who shall bring into or land in the United States, by vessel or otherwise, or shall attempt, by himself or through another, to bring into or land in the United States, by vessel or otherwise, or shall conceal or harbor or attempt to conceal or harbor, or assist or abet another to conceal or harbor, in any place, including any building, vessel, railway car, conveyance, or vehicle, any alien not duly admitted by an immigrant inspector or not lawfully entitled to enter or to reside within the United States, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding $2,000 and by imprisonment for a term not exceeding five years for each and every alien so landed or brought in or attempted to be landed or brought in. Feb. 5, 1917, c. 29, § 8, 39 Stat. 880."

In some years of dealing with Federal Criminal Statutes I have found no other Statute which contains the punishment provisions peculiar to this one.

It is contended by the Government that the cases which have sustained conviction under the Mann Act, 18 U.S.C.A. § 2421 et seq., U. S. v. Mellor, D.C.Neb.1946, 71 F.Supp. 53 and cases there cited, are applicable here and permit the charge in a single count of an indictment of smuggling or attempting to smuggle several aliens. But the analogy does not lie because the Mann Act does not require a separate punishment for each woman transported. Nor, for instance, do any of the general Statutes relating to customs violations or narcotics and the like, provide a separate punishment for each item or thing involved.

 It is the punishment prescribed which makes an act a crime, not a mere interdiction of conduct without punishment. There is no better illustration of this principle than the opinion of the Supreme Court in U. S. v. Evans, 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823, where the

2. 42 C.J.S., Indictments & Informations, § 162, p. 1112 and cases there collected.

3. State v. Smith, 61 Me. 386, 389.

4. Carpenter v. Hudspeth, 10 Cir., 1940, 112 F.2d 126, re-hearing denied July 3d, 1940, certiorari denied 311 U.S. 682, 61 S.Ct. 62, 85 L.Ed. 440.

5. U. S. v. Evans, 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823, disposed of some of these perplexities in holding that the harboring and concealing provisions therein are void as not providing a penalty.

Court held, in construing this identical section, that the harboring or concealing of an alien was not a crime because no punishment was prescribed for that conduct. Under the Section there is not a general punishment for the act of bringing in or attempting to bring in aliens, as pointed out, but a separate mandatory punishment is required to be imposed on a defendant for each alien brought in or attempted to be brought in. Therefore, such conduct is a separate crime with separate punishment as to each alien and must be separately charged in different counts of an indictment. This conclusion is further substantiated by the langauge of the Statute where the act of bringing or attempting to bring in an alien is confined only to "any alien" in the singular and there is no reference to aliens in the plural such as "any alien or aliens."

The Government's contention that Rule 31(c), 18 U.S.C.A., permits a finding of guilt of a lesser offense necessarily included in a greater offense is not applicable. That Rule is a statement of existing law. It applies to situations where there are degrees of offense. As for instance: petty larceny is theft of a lesser degree than grand larceny or burglary; manslaughter is a lesser degree of assault than murder, and so on. But in the Statute here involved, there are no degrees of the offense. It is as much of a crime to attempt to bring in an alien as it is to do it successfully, and so it is whether the attempt is "by himself or through another." And under the Federal Statutes an aider or abettor has long been guilty as a principal. 18 U.S.C.A. § 550, 18 U.S.C.A. § 2 (1948).

One of the tests to determine whether or not one crime is necessarily included in another is whether or not an acquittal of one bars prosecution of the other. People v. Kerrick, 144 Cal. 46, 77 P. 711. Obviously, an acquittal of the defendant for the crime of bringing in any one of the four aliens could not bar prosecution for bringing in the other three.

I realize it has long been the practice in this District to follow the form of indictment used here. But mere multi-plication of error cannot make law. At least it should not. The point has been raised and the parties are entitled to a decision. And in spite of the practice long followed, I am constrained to hold that the Statute creates a separate offense as to each alien and that, hence the indictment is duplicitous.

The Motion in Arrest of Judgment is granted, and the defendant is discharged.