UNITED STATES, Appellee

v.

ROBERT CALHOUN, Private E–1, U. S. Army, Appellant

5 USCMA 428, 18 CMR 52

No. 5390

Decided January 21, 1955

LT COL George M. Thorpe, U. S. Army, MAJ Edwin Doran, U. S. Army, CAPT Glade F. Flake, U. S. Army, and 1ST LT Robert C. Taylor, U. S. Army, for Appellant.

LT COL Thomas J. Newton, U. S. Army, LT COL William R. Ward, U. S. Army, and 1ST LT Elliott H. Eisman, U. S. Army, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This case presents a unique principle of law for our consideration. The question involved is whether an accused may be found guilty of, and sentenced for, the commission of two lesser included offenses when each is alleged and proven as part of the principal offense charged. The accused, Calhoun, was tried jointly with another on a charge of robbery, in violation of Article 122, Uniform Code of Military Justice, 50 USC § 716. Both of the offenders pleaded not guilty to the robbery charge, but this appellant elected to plead guilty to the included offense of an assault consummated by a battery, in violation of Article 128 of the Code, 50 USC § 722. The court-martial found both men not guilty of robbery but guilty of wrongful appropriation. In addition, as to this accused, they found him guilty of the offense of assault and battery to which he had pleaded guilty. He alone appealed to this Court, and we granted his petition for review in order to consider his contention that under a single specification a court-martial is without power to convict and sentence for more than one lesser included offense. A short statement of the evidence is necessary to a proper understanding of the issue.

On or about 4:00 p.m. on February 5, 1954, in Friedberg, Germany, the two offenders hired a taxicab being driven by one Ludwig Lehr. They directed the route they desired to travel and after riding around for some time, the taxi driver was ordered to stop his car on a country road. Part of the fare had been paid, but at this stop the driver asked for an additional four Deutsch Marks. While reaching in his wallet to make change, he was grabbed by the throat and hit on the side of the head. He attempted to escape from his assailants but he was pursued by this accused who succeeded in giving him a rather severe beating. People working in an adjacent field heard him crying for help and as they approached, the two accused entered the taxicab and drove away. The victim never recovered his wallet and the vehicle was found sometime later that evening parked on a street in Friedberg.

Each offender took the witness stand and verified most of the foregoing facts. The only points of departure consisted of the second offender contending that Calhoun administered the beating to the victim in an effort to force him to drive the taxicab back to the town of Friedberg; that they did not take his wallet; that they had no intention of stealing the automobile; and that they only appropriated it as a means of transportation back to the city.

Regardless of which horn of the dilemma we seize to solve this case, we encounter certain legal obstacles. On the one hand, the wording of the Code and the Manual provisions which deal with the power of a court-martial to find a lesser included offense seem to support this accused's contention. On the other hand, previous decisions by us lend credence to the Government's theories. Furthermore, the facts admitted by Calhoun and the trial tactics employed by him add to the difficulties, as it is obvious that he judicially confessed to one included offense and judicially admitted the other. In the light of those circumstances, he has spun a legal web of guilt from which it is difficult to extricate him.

We shall subsequently deal with the burden resting on the law officer to instruct properly in this instance, but so far as the court-martial itself was concerned, it was faced with unexpected difficulties. One of the elements of robbery is larceny. That offense includes an intent to deprive the owner permanently of his property. Apparently the

430

court-martial was not convinced beyond a reasonable doubt that that crime had been committed; but by statements from the lips of the accused, the members were compelled to conclude that he intended to deprive the owner temporarily of the automobile. They could not, therefore, find him guilty of robbery or larceny, but they could drop down the scale of included offenses and find him guilty of wrongful appropriation. This they did; but as he had previously pleaded guilty to the separate and distinct offense of assault and battery, the members of the court could hardly be expected to find him not guilty of that offense. Their choice was not easy, as the only paths open to them were to return a finding of guilty of the greater offense of robbery, return the finding they did in this instance, or free the accused from an offense he had judicially admitted. Certainly the latter course was the most desirable for the accused, but one charged with the commission of a crime is not necessarily entitled to that result. Here the findings returned were considerably less grave than would have been the case had the court found him guilty of the principal offense. The crime of robbery carries a maximum penalty of ten years in confinement. Wrongful appropriation of a vehicle is much less serious in that it provides for only two years' incarceration. Nearer the bottom of the punishment scale is the offense of assault and battery. It carries a penalty of not more than six months in confinement. If, therefore, the accused by his trial tactics intended to lessen his penalty, he succeeded admirably as the maximum penalty was cut from ten years to two and a half years. Having succeeded in that regard, unless the findings resulted in denying him adequate opportunity to prepare his defense or caused him to be twice sentenced for the same offense, it is difficult for us to find any prejudice to his cause.

In our process of weighing the conflicting contentions, we shall first present some of the reasons supporting the Government's position. Robbery, both under modern statutes and common law, is a compound offense composed of taking property from, or in the presence of, a person, accomplished by the use of force, violence, or fear. For one to perpetrate that crime by force or violence, he must commit two lesser offenses, neither of which is similar to, included in, nor related to, the other. The one offense, larceny, is a crime against property; the other crime, assault, is a crime against the person. When committed concurrently, they make up the greater crime of robbery; and, under usual circumstances, if the greater is alleged, the lesser two will be encompassed within the pleadings. The foregoing propositions are so universally recognized that we need not cite authorities to support them, and it will be observed they apply in this instance.

The allegations of this particular specification are as follows:

"In that Private E–1 Robert Calhoun, . . . and Private E–1 Mateo Martinez, . . . . acting jointly and in pursuance of a common intent, did, at Nieder Rossbach, Germany, on or about 5 February 1954, by means of force and violence steal from the presence of Ludwig Lehr, against his will, seventy Deutsch Marks and a Volkswagen Taxi of a value of about six thousand Deutsch Marks, the property of Ewald Kuchta."

A reading of the specification shows clearly that assault and larceny were alleged, and our recitation of the facts leaves no doubt about our conclusion that both offenses were in issue. With the pleadings and evidence in that posture, the law officer was confronted with the task of instructing the court. In fulfilling that duty he stated, in substance, that the accused, Calhoun, had pleaded guilty to an assault consummated by a battery and the court-martial was warranted in finding him guilty of that offense; that both accused had pleaded not guilty to robbery and that the court members could return a finding of guilty of that offense only if they believed beyond a reasonable doubt that the Government had established all enumerated elements of that crime; that larceny and wrongful appropriation were included offenses;

and, that if the evidence was not sufficient to establish the greater offense of robbery, but if it supported the elements of either larceny or wrongful appropriation, the court could find the accused guilty of the appropriate included offense.

In instructing as he did, the law officer carried out explicitly the law we have announced in previous cases. We have placed the burden on him to instruct not only on the principal offense alleged, but on all included offenses reasonably raised by the evidence, and we have held it to be reversible error for him to fail to do so. See United States v. Clark, 1 USCMA 201, 2 CMR 107; United States v. Williams, 1 USCMA 231, 2 CMR 137; United States v. Downard, 1 USCMA 346, 3 CMR 80; United States v. Drew, 1 USCMA 471, 4 CMR 63; United States v. Sheehan, 1 USCMA 532, 4 CMR 124; United States v. Simmons, 1 USCMA 691, 5 CMR 119; United States v. Richardson, 2 USCMA 88, 6 CMR 88; United States v. Cloutier, 2 USCMA 244, 8 CMR 44; United States v. Cline, 2 USCMA 411, 9 CMR 41. In this case, had he neglected to inform the court-martial it could return a finding of guilty on accused's plea to assault with a consummated battery, we would have been required to hold he erred. Likewise, if he failed to instruct on both the included offenses of larceny and wrongful appropriation, our ruling would have been the same.

In Hazlett v. State, 229 Ind 577, 99 NE2d 743, the Supreme Court of Indiana had a similar question presented to it for consideration. There the accused was charged with unlawfully, feloniously, forcefully and by violence, stealing from a victim the sum of $5.00. Counsel for the accused requested the giving of certain instructions on the included offenses. The trial judge refused to grant the request and the Supreme Court reversed. The jury had been instructed on robbery and on petty larceny, and the question which was presented was whether it should have been further instructed on the following included offenses: (1) grand larceny, (2) assault and battery with intent to commit a felony, (3) assault and battery, and (4) assault. The Indiana law provided as follows:

" 'In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit.' Section 9–1817, Burns' 1942 Replacement (Acts 1905, ch. 169, § 272, p. 584)."

The Supreme Court went on to state that an instruction on petty larceny had been given, but one covering the crime of grand larceny was not required because the amount taken was less than the amount necessary to constitute that offense. However, that Court found it was reversible error to fail to give appellant's requested instructions on the other included offenses.

Here we find the law officer escaping error in one field by having all included offenses adequately discussed and being charged thereby with having erred in another. However, it would be an anomalous situation to require that functionary to instruct on two separate and mutually exclusive offenses and then find error because the court convicted on both. Since he had the duty to instruct on the included offenses, the verdict of the court-martial must be affirmed unless one of the two following propositions is true: (1) He was required to anticipate the possibility that the court-martial would return a finding of two lesser included offenses and circumvent that in his original instructions, or (2) after he was informed that dual findings were returned, he was required to notify the court-martial to reconsider its findings and limit them to the most serious offense. The necessity for the law officer taking either of those steps is controlled by the same principles of the law, so we move on to consider them. It is at this point that we must consider the arguments weighing in favor of the accused. They spring principally from the wording of the Code and the Manual. Article 79 of the Code, 50 USC § 673, provides:

"An accused may be found guilty of an offense necessarily included in the offense charged or of an attempt

to commit either the offense charged or of an offense necessarily included therein."

This section sounds in the singular, the Manual discusses it as being in the singular, and therefore it is argued only one finding can be returned. As a general proposition we accept that hypothesis; but, as this case points out, we arrive at a conclusion that Congress did not intend to say that if two well-recognizable and separate offenses were required to be alleged in one specification, under no circumstances could two included offenses be found.

The language of Article 79 is taken from Rule 31(c), Federal Rules of Criminal Procedure, Title 18, United States Code, and it was intended to make the military rule the same as the Federal civilian rule (See Hearings before House Committee on Armed Services, 81st Congress, 1st Session, on HR 2498, page 1224). The definition of Rule 31(c) is explained in 18 USC, 1946 ed, § 565, which reads as follows:

"Section, R.S. § 1035, which provided that the defendant in a criminal cause might be found guilty of *any* offense the Commission of which is necessarily included in that with which he is charged in the indictment, or might be found guilty of an attempt to commit the offense so charged, if such attempt be itself a separate offense, is now covered by Rule 31(c) of the Federal Rules of Criminal Procedure, effective Mar. 21, 1946 and set out following section 687 of this title." (Italics supplied.)

In the footnote following Rule 31 (c), it is pointed out that the rule is simply a restatement of existing law. Therefore, since no change was intended when Rule 31(c) was enacted, and since the prior existing rule allowed the finding of any lesser included offense, we conclude that Article 79 of the Code is intended to permit a court-martial to find an accused guilty of any offense included in all of the offenses charged, whether or not they are separately stated.

As a general principle of military law, a single specification should not allege more than one offense, but the elements making up certain crimes require that exceptions be carved out. As previously disclosed, the crime of robbery is a combination of two separate offenses, and in pleading it as a single offense, it is necessary that the two included offenses be alleged. Under ordinary circumstances, if two offenses were set out in a single specification, the pleading would be duplicitous; but such is not the case when a compound offense is alleged. Assuming duplicity in the specification, that alone poses little difficulty if both offenses are spelled out clearly so that the defense is not confused or misled. When two separate and lesser offenses add up to a greater one, and all elements of the lesser crimes are found to be present, a verdict of guilty of the greater offense will be returned. However, when the most serious offense is figuratively broken into its two component parts, and the elements of one part are not fully established, duplicity may be the product of the finding. But, the difference in the nature of the two crimes proved and found will be so pronounced that confusion in the pleading, instructions, and findings can not be validly asserted. In practically every instance of compound offenses all principal lesser crimes will be easily identifiable and these included offenses will have to be pointedly marked. It should, therefore, make no substantial difference in the preparation or trial because the two included offenses are not pleaded in separate specifications. We can illustrate our views by the following example: The crime of larceny could have been alleged in one specification and the court-martial could have returned a finding of guilty of that offense or the lesser offense of wrongful appropriation. The crime of assault with a consummated battery could have been alleged in the second specification and the court-martial could have returned a finding of guilty of that offense or of the included offense of simple assault. Here, both were combined in one specification, but the verbiage of the specification did not cause them to lose their identity. We, there-

fore, find no good reason why, even though they were merged in one specification, they cannot be treated as separately alleged. Certainly, the accused has not suggested how, or in what manner, he would have varied his defense had he been faced with two specifications instead of one, and we have been unable to envisage a different stand.

Obviously, to support this finding of guilt would be offensive to both law and logic if either of the ■■■■■ ■ two lesser offenses was included in, or merged with, the other, or if the accused was being twice sentenced for the same offense. However, it is undeniable that the principles we announce do not offend against any proscription of the Code or the Manual on those matters. Assault and battery is not included in larceny, and the converse is true. Furthermore, the offenses are separate and distinct when measured by any well-known test of severalty. While both crimes arise out of a single transaction, the elements of each are so different from the other that the law permits punishing both without violating the privilege against being twice placed in jeopardy for the same offense.

In summation, the offenses here found were alleged, proven, and instructed upon. The accused was not misled by the pleading and finding and his defense tactics and strategy would not have been changed one iota had the crimes been set up in separate specifications. Neither of the lesser crimes merged in the other, and the punishment is not the product of two different sentences for the same offense. The most that can be said in favor of the accused's contention is this: If the findings could be placed over the specification, the light of duplicity might show through but it would be so obscure that it would have no measurable impact on the court members. Accordingly, the error, if any, did not prejudice the accused. On the contrary, it can be argued he benefited immeasurably by the findings returned and the sentence imposed.

The decision of the board of review is affirmed.

QUINN, Chief Judge (concurring):

Some jurisdictions hold that when several distinct offenses are combined in a single count of an indictment, the accused may be found guilty as charged, but punishment cannot exceed the maximum for the more serious offense. State v. Littleton, 77 W Va 804, 88 SE 458; Benton v. Commonwealth, 91 Va 782, 21 SE 495; People v. Steelik, 187 Cal 361, 203 Pac 78, 82. However, apart from a nicety of procedure, there is no material difference between alleging two offenses in one count and stating them in separate counts. In either case, the allegations must be sufficient to set forth the separate offenses, and the proof must establish each beyond a reasonable doubt. The burden on the defense is exactly the same in both.

Conformity with normal procedures is desirable, but we should hardly insist upon form to the exclusion of common sense. Concededly the situation here is unusual, but the fact is that two offenses were alleged and two offenses were proven, without prejudice to any substantial right of the accused. Hence, I concur.

BROSMAN, Judge (concurring):

I concur fully in the views expressed in the principal opinion.

## II

The procedural simplicity of the action taken by the court-martial here, and now approved by us, recommends itself to me as peculiarly appropriate to military law administration, where the less technical is distinctly the more desirable approach—provided, of course, that ample protection is afforded the substantial rights of accused persons.

For myself, I much prefer the present disposition over a ruling which would require that all conceivable fragments of a compound offense such as robbery—and they are few indeed—be spread explicitly on the charge sheet. In the nature of things, the latter course would inescapably result in frequent invocations of this Court's jurisdiction on the score of multiplicity.

No sound reason for a contrary conclusion has been brought to my atten-

tion. In fact none at all has—save (1) a certain conception of "orderly pleading," and (2) a wholly speculative attribution of purpose to Manual and legislative draftsmen, who doubtless had in mind no thought of the relatively rare compound offense at the time they selected the equivocal language they used.

III

It seems almost unnecessary to verbalize—by way of caveat—the notion that in no case may the aggregate of legally imposable punishments for lesser offenses under the present view exceed the maximum provided for the crime formally specified in the charge sheet.