UNITED STATES, Appellee

v

RALPH D. PARDUE, Airman Second Class,
U. S. Air Force, Appellant

15 USCMA 483, 35 CMR 455

No. 18,573
July 9, 1965

*Lieutenant Colonel Joseph B. McMullin* argued the cause for Appellant,
Accused.   With him on the brief was *Colonel Robert O. Rollman.*
   *Major Thomas J. Connally* argued the cause for Appellee, United States.
With him on the brief was *Colonel Emanuel Lewis.*

FERGUSON, Judge:

Arraigned and tried before a general court-martial convened at Barksdale Air Force Base, Louisiana, the accused pleaded not guilty to a single charge of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and was found guilty of larceny *and* wrongful appropriation. He was sentenced to bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for six months. With some modification the convening authority approved the sentence. The board of review, one member dissenting, affirmed, and The Judge Advocate General, United States Air Force, certified the case to this Court upon the following questions:

"1. WAS THE BOARD OF REVIEW CORRECT IN ITS DETERMINATION THAT FINDINGS OF LARCENY OF FOUR TIRES AND WHEELS AND WRONGFUL APPROPRIATION OF THE 1960 CHEVROLET BEL AIR, 4-DOOR SEDAN COULD BE MADE UNDER THE SINGLE SPECIFICATION OF LARCENY ALLEGED?

"2. IF THE FIRST QUESTION IS ANSWERED IN THE AFFIRMATIVE, OR IF LARCENY OF FOUR TIRES AND WHEELS WAS OTHERWISE A PERMISSIBLE FINDING, WAS THE BOARD OF REVIEW CORRECT IN ITS DETERMINATION THAT THE EVIDENCE IS SUFFICIENT TO ESTABLISH THAT THE FOUR TIRES AND WHEELS WERE OF A VALUE OF MORE THAN $50.00?"

The problem before us is best viewed against the background developed in the evidence at trial. According to the transcript, accused and a friend, Airman Geisheimer, were en route to an off-base tavern near their duty station. They intended to "thumb" a ride to their destination, as accused's car was being used by another Airman. Geisheimer possessed a "master key" which fitted the ignition of various automobiles manufactured by General Motors. As the parties passed a Base parking lot, Geisheimer suggested to Pardue that he try the key in some of the vehicles located there. Ultimately, they discovered it operated the ignition of a Chevrolet sedan belonging to a

Captain Sedlak. They entered the car and drove it off Base. Eventually, they picked up accused's vehicle from his friend, drove the two cars out into the countryside, and removed all four tires and wheels from Captain Sedlak's vehicle. Placing these items in accused's automobile, the parties proceeded to a nearby junkyard, at which place they mounted two of Sedlak's wheels and tires on Pardue's car. While so engaged, they were apprehended by local police officers. According to Pardue, the tires and wheels were placed on his car for the purpose of reentering the Base, as Geisheimer intended to retain all four for use on his own vehicle and give accused those which the stolen items were to replace.

Based on the foregoing, the law officer instructed the court-martial, among other things, that under the single count of larceny of Captain Sedlak's car, it might permissibly return a finding of guilty both of wrongful appropriation of the automobile and larceny of the tires and wheels. The court's findings reflect faithful attention to this advice and, by its verdict, the specification upon which accused was arraigned was amended to read:

"In that Airman Second Class Ralph D. Pardue, . . . did, at Barksdale Air Force Base, Louisiana, on or about 24 June 1964, steal *four tires and wheels, of a value of more than $50.00, and wrongfully appropriate* a 1960 Chevrolet Bel Air, 4-door sedan of a value in excess of $50.00, the property of Captain George Sedlak, Jr." [Emphasis supplied.]

The italicized phrase was added to the original specification and Charge by the findings of the court-martial.

The Government contends the findings before us are unambiguous, conform to the evidence, and amount to nothing more than an example of the familiar modification of a specification by appropriate exceptions and substitutions. See Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, pages 380–382, and Manual for Courts-

484

Martial, United States, 1951, paragraph 74. As to the fact that the verdict resulted in the division of a single charge into findings of guilty of two offenses, it relies upon our decision in United States v Calhoun, 5 USCMA 428, 18 CMR 52.

We immediately reject the argument that this case presents nothing more than the usual findings of ▮▮▮▮▮ ▮ guilty by the process of exceptions and substitutions. As appellate defense counsel so cogently point out, that procedure is utilized for the purpose of making the allegations of a single charge conform to the evidence, or to find the accused guilty of some lesser included offense, or for a like purpose. Manual, supra, paragraph 74; United States v Hopf, 1 USCMA 584, 5 CMR 12. Here, however, the result is to divide a single crime into two offenses whereas, on his arraignment, he was faced with but one charge. In short, rather than exceptions and substitutions, the process here followed was one of utilizing additions.

In like manner, we disagree with the argument that United States v Calhoun, supra, governs the situation before us. In that case, the accused was arraigned and tried upon a single charge of robbery and convicted of both assault and wrongful appropriation. To the complaint here that he had improperly been found guilty of more than one lesser included offense, we replied that robbery was a compound crime, and enunciated the doctrine that, because of its nature, the court-martial might conclude the accused, lacking the intent necessary to conviction, was, however, guilty of both assault and wrongful appropriation as offenses necessarily included in that charged. But we carefully limited our holding to "the relatively rare compound offense," United States v Calhoun, supra, at page 435, and pointed out, in the ordinary case, such findings could not be sustained. Thus, we noted, at page 433, "As a general principle of military law, a single specification should not allege more than one offense," and "when the most

serious offense is figuratively broken into its two component parts, and the elements of one part are not fully established, duplicity may be the product of the finding." And, finally, we declared, at page 434:

> "Obviously, to support this finding of guilt would be offensive to both law and logic if either of the two lesser offenses was included in, or merged with, the other, or if the accused was being twice sentenced for the same offense."

It should be obvious to all that a single specification of larceny of an automobile necessarily includes the lesser offense of its wrongful appropriation or the theft or wrongful appropriation of some part thereof, just, as in any case, one may be found guilty of stealing or wrongfully appropriating less than the whole of any property alleged to have been taken. But to say that such, generically speaking, are lesser included offenses, does not mean the count may be carved up and the automobile disassembled into its component parts so that the accused, tried upon a single specification of larceny, may be convicted of what amounts to both the original crime and a separately found "lesser included offense." That was precisely the meaning of our language to the contrary in United States v Calhoun, supra, for, in such instance, the larceny or wrongful appropriation of the part is merged into the whole, in order to prevent a conviction twice for the same offense. Cf. Braverman v United States, 317 US 49, 87 L ed 23, 63 S Ct 99 (1942); Bramblett v United States, 231 F2d 489 (CA DC Cir) (1956).

As in the case of a jury, under such circumstances, a court-martial "cannot find a verdict of guilty as to one part of a count . . . and not guilty as to another part of the same count." United States v Martinez-Gonzales, 89 F Supp 62, 64 (SD Cal) (1950). Thus, "the verdict as to each count must be consistent in itself." Mogoll v United States, 158 F2d 792, 793 (CA 5th Cir) (1946); United States v Daigle, 149 F Supp 409, 413 (DC DC) (1957). And that is what has occurred here. In

one part of the count, the court has found the accused wrongfully appropriated the automobile in question, thereby necessarily acquitting him of its theft. Yet, in the same breath, it attempts to convict him of theft of an essential part thereof. Cf. United States v Nedeau, 7 USCMA 718, 23 CMR 182. True it is that the situation arose from the evidence and the law officer's charge, but such are not pertinent to construction of the findings, which must depend upon the specification and charge upon which accused was arraigned. Bramblett v United States, supra. Moreover, it is clear the instructions of the law officer were erroneous, as accused was arraigned upon a specification charging a single offense.

The court-martial having found erroneously and inconsistently the accused wrongfully appropriated the automobile and committed larceny of the tires and wheels therefrom, the question remains as to what disposition should be made of the case. Clearly, accused was not completely acquitted, and the only uncertainty in the verdict results from the conflict between the findings that accused intended temporarily to deprive the owner of his property and also permanently to do so. Under the circumstances, it seems apparent it is our duty to resolve the matter favorably to the accused by permitting approval of the findings only as to the lesser degree of criminality involved. Cf. United States v Martinez-Gonzales, supra; United States v Epperson, 10 USCMA 582, 584, 28 CMR 148. As the law officer's instructions on the sentence allowed the court to punish the accused on the larcenous aspect of its findings, reassessment of the punishment is also required, Braverman v United States, supra. In light of our holding, no answer to the second certified question is required.

The first certified question is answered in the negative. Only so much of the findings of guilty are affirmed as finds the accused, at the time and place alleged, wrongfully appropriated the automobile involved.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Air Force. The board may reassess the sentence on the basis of the modified findings of guilty or order a rehearing on the penalty.

Chief Judge QUINN and Judge KILDAY concur.