UNITED STATES, Appellee,

v.

Archie L. SIMMONS, Seaman Apprentice,
U. S. Navy, Appellant.

No. 32,649.
NCM 76–0958.

U. S. Court of Military Appeals.

Oct. 3, 1977.

Commander A. W. Eoff, II, JAGC, USN, argued the cause for Appellant, Accused.

Lieutenant Commander N. P. DeCarlo, JAGC, USN, argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel P. N. Kress, USMC.

Opinion of the Court

COOK, Judge:

Appellant was convicted by a special court-martial military judge sitting alone of two specifications alleging unauthorized absences in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced to a bad-conduct discharge, reduction to E–1, confinement at hard labor for 2 months, and forfeiture of $200 per month for 2 months, but the military judge recommended that the convening authority suspend the bad-conduct discharge. The sentence has been approved by the intermediate reviewing authorities without a suspension of the bad-conduct discharge.

We granted review to consider the sufficiency of the military judge's finding as to specification 1 of Charge I; whether the United States Navy Court of Military Review properly modified this finding; and whether the military judge was empowered, under the provisions of 18 U.S.C. § 3651, to suspend the bad-conduct discharge. As the Court has resolved the issue involving the suspension powers of a military judge in United States v. Occhi, 25 U.S.C.M.A. 93, 54 C.M.R. 93, 2 M.J. 60 (1976), against the

appellant, we turn to the issue involving the sufficiency of the finding.

Specification 1 of Charge I alleged an unauthorized absence commencing on or about August 19, 1974, and terminating on or about May 14, 1975. The Government presented documentary evidence reflecting the appellant's unauthorized absence for the alleged period. However, the appellant testified that he contacted a Navy recruiter sometime between September 9 and September 19, 1974, in an attempt to return to his military unit, but this attempt was unsuccessful due to the uncooperative attitude of the recruiter. His testimony was substantiated to some extent by the testimony of the appellant's brother, although the brother was uncertain as to the month involved. The military judge by exceptions and substitutions found the unauthorized absence terminated on "September 1974." The Court of Military Review modified this finding to the specific date of September 9, 1974, "to conform to the general sense of appellant's judicial confession." The appellant, citing *United States v. Lovell*, 7 U.S.C. M.A. 445, 22 C.M.R. 235 (1956), submits that only an unauthorized absence for a period of 1 day may be affirmed because there was no finding of an absence for a certain period. *See* paragraph 165, Manual for Courts-Martial, United States, 1969 (Revised edition). We disagree.

■ In *Lovell*, the Government's exhibit reflecting the termination date of an unauthorized absence was excluded from evidence upon a defense objection. As no other evidence of the termination date was presented, the Court concluded the Government had proven only an inception date and, thus, the evidence would not support an unauthorized absence in excess of 1 day. In the present case the appellant judicially confessed to an unauthorized absence which terminated sometime between September 9 and September 19, 1974. The military

judge's finding that the unauthorized absence terminated in September 1974 is consistent with the appellant's testimony but is ambiguous in that it did not specify an exact date. Ambiguities in findings are resolved on the basis of an examination of the entire record, and the accused must be given the benefit of all uncertainties. *United States v. Nedeau*, 7 U.S.C.M.A. 718, 23 C.M.R. 182 (1957); *see United States v. Pardue*, 15 U.S.C.M.A. 483, 35 C.M.R. 455 (1965).

■ In the present case the record clearly reflects that the military judge accepted the appellant's testimony but failed to specify a date. All doubt in the finding was resolved by the Court of Military Review in favor of the accused. Indeed, the present case is analogous to *United States v. Harris*, 21 U.S.C.M.A. 590, 45 C.M.R. 364 (1972), where the convening authority modified a finding as to the inception date of an unauthorized absence although there was no evidence to support such date. The Court held that the finding could not be upheld but affirmed a period of unauthorized absence with a subsequent inception date as there was sufficient evidence of record to support the later date. Here the action of the Court of Military Review is clearly supported by the evidence of record. Furthermore, the action of the Court of Military Review did not extend the period of the unauthorized absence, as the record clearly reflects the military judge's finding was consistent with the appellant's judicial confession, which precludes any inference that his finding extended to a period of unauthorized absence which terminated prior to September 9, 1974.

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.