## UNITED STATES

v.

**Airman First Class Michael D. JONES, FR 257–15–5929, United States Air Force.**

**ACM S25413.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 Oct. 1981.

Decided 21 May 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

POWELL, Senior Judge:

Contrary to his pleas, the accused was convicted by a special court-martial consisting of members of an offense of larceny in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. His sentence is a bad conduct discharge, confinement at hard labor for six months, forfeiture of $300.00 per month for three months, detention of $300.00 per month for three months detained for six months and reduction to airman basic.

■ In this decision, we recognize that in the case where larceny of divisible property is charged in a *single* specification, evidence that the accused has a different intent with regard to some of the property places the matter of the accused's split intent in issue. A finding reflecting the different intents within the same specification is permissible provided the finding as to guilt remains consistent. Further, we find that the trial defense counsel waived any error in the military judge's instructions which omitted consideration of lesser culpability which was reasonably in issue.

The stipulated facts establish that while on duty in the passenger service section of the air terminal at Royal Air Force Mildenhall, England, the accused and a civilian co-worker gathered up passenger baggage left unattended inside the terminal. The baggage they gathered included military duffel bags and two tote bags. They were placed on a cart which was rolled into the Lost and Found section. Shortly thereafter, the accused took some cardboard boxes to his car parked in a lot outside the terminal. On top of one of the boxes, the civilian co-worker observed the accused carry away an object similar in color to one of the tote bags.

About three hours later, an Army passenger enroute to her duty station in Germany reported that her tote bag was missing. After an unsuccessful check with the Lost and Found section, the passenger began to fill out a lost bag report. The accused's co-worker overheard the complaint and, when the lost bag was described, recalled having seen the tote bag.

Suspecting that the accused had taken the bag to his car, co-workers waited until the accused was out on the flightline and then took his car keys from on top of his desk. They went to his car, opened the trunk and found the tote bag. They left the bag and closed the trunk but reported their find to the Noncommissioned Officer in Charge (NCOIC) of the terminal. The NCOIC announced to all personnel on duty that he wanted to search their automobiles for the missing bag. After hearing this, the accused went to another passenger in the terminal whom he recognized from a former duty station, removed his trunk key from his key ring and requested the passenger to keep it. The friend took the key.

When the accused told the NCOIC that he did not have his trunk key and therefore could not open his car trunk, the NCOIC referred the matter to the security police for investigation. Ultimately, the accused's trunk key was retrieved from the passenger, the car was searched and the tote bag and its contents seized. Following appropriate advisement of rights, the accused made a pretrial statement in which he admitted taking the bag.

■ The accused was charged with the following single offense of larceny.

In that AIRMAN FIRST CLASS MICHAEL D. JONES, United States Air Force, 627th Military Airlift Support Squadron, did, at Royal Air Force Mildenhall, Suffolk, England, on or about 13 September 1981, steal a brown tote bag containing two cameras, one hammer, one metal-bound Jewish prayer Book, one portrait photograph, personal clothing and cosmetic items, of some total value greater than $100, the property of Specialist Fourth Class Lue C. Williams, United States Army.

In his testimony prior to findings, the accused judicially confessed to having the requisite intent to permanently keep the tote bag at the time he took it, but insisted that his intent with regard to its contents was never more criminal than to deprive the owner of their use and benefit temporarily. The pertinent inquiry was as follows:

Q. [Trial Counsel.] You intended to keep that bag.

A. At that time, yes, sir.

*    *    *

Q. Permanently deprive the owner, the rightful owner, of its use, enjoyment, et cetera, is that right?

1. The trial defense counsel stated his position as follows:

I would also request that you instruct the court that there is no lesser included offense of which they can find the accused guilty. During the examination of the accused, a lot of mention was made of wrongful appropriation, on both direct and cross, and I believe that the court could be confused at this time and would almost certainly require an instruction, or they will probably be back in,

A. Yes, sir.

Q. What did you plan to do, then, with what was in the bag?

A. I had planned on putting everything that was inside of the bag into another bag, or in something, and place it in the Lost and Found section, so that that could be forwarded to its rightful owner.

The accused admitted that shortly after he initially took the tote bag from the terminal and placed it in his trunk, he returned to his car, removed the bag to the passenger section of the car, opened the bag and perused its contents. He removed a Polaroid camera. He returned the bag to the trunk but left the camera locked within the passenger section of the car.

At trial, the defense contended that the specific question in issue was the accused's intent with regard to the contents of the tote bag and the severability of those contents, item by item, from any finding of larceny of the tote bag. Although trial defense counsel conceded that the lesser offense of wrongful appropriation was probably raised by the evidence in connection with the contents of the bag, he specifically and adamantly opposed any instructions which would permit findings of the lesser offense. His purpose was to have the court members clearly advised that they could, by exceptions, find the accused not guilty of taking any or all of the items contained in the bag, if they were not satisfied beyond a reasonable doubt that the accused had the intent to permanently keep any item described.[1]

The military judge accepted the defense's position and counsel concurred in the following instructions, once they go out on their findings. To prevent them from either asking for additional instructions or coming back with such a finding, I would ask that you instruct them, as is sometimes done anyway, that there is no lesser included offense in this case of which they can find the accused guilty, and that, if they do not determine that he does harbor the requisite intent for a larcenous taking, they should find him not guilty of any offense.

lowing instruction which was given the members.

> Now, to get back to the elements more specifically and with regard to the issue of intent, if an accused forms the specific intent permanently to deprive another of their property, whether contemporaneous with the taking, or thereafter, a later change in intention does not change the offense of larceny to a lesser offense or to no offense. It is not necessary that an accused know the precise contents of a container in order to be guilty of larceny of the contents, if, at the time of the taking, or at any subsequent time, he intends to permanently deprive the owner of those contents. However, unless you are satisfied beyond a reasonable doubt that the accused in this case intended to defraud the owner of the contents of the bag in question, you must, by exceptions, find the accused not guilty of stealing those contents. Similarly, if you are convinced beyond a reasonable doubt that the accused intended permanently to deprive the owner of some of the contents of the bag, your finding, by exceptions, should be that the accused stole only those items as to which you have no reasonable doubt.

Although the court convicted the accused of larceny of all items charged, by exceptions and substitutions it found the value to be an amount over $50.00 but less than $100.00.

In contrast to the defense's contention at trial, appellate defense counsel claim that the military judge's failure to instruct on the lesser offense of wrongful appropriation was error.[2] The Government urges that this issue was affirmatively waived by the trial defense counsel.

The specification, as drafted in this case, follows the general rule stated in *United*

States v. Dicario, 8 U.S.C.M.A. 353, 24 C.M.R. 163 (1957), that only a single larceny is committed when the thief takes a container and its contents. The stated example of this proposition is "the case of a purse containing a wallet, which in turn contains a sum of money." This rule prescribes an appropriate method of charging such a single offense of larceny. *United States v. Webster*, 40 C.M.R. 774 (A.B.R. 1969), *pet. denied* 40 C.M.R. 327.

Previously, in *United States v. Calhoun*, 5 U.S.C.M.A. 428, 18 C.M.R. 52 (1955), the Court of Military Appeals recognized the severability of a single specification alleging a compound offense into separate and distinct findings as to lesser offenses included therein. Following this rationale, an Air Force Board of Review, in *United States v. Chortkoff*, 34 C.M.R. 774 (A.F.B.R.1963), affirmed the modification of a finding of guilty of a single larceny of divisible property into a finding of larceny of some of the property and wrongful appropriation of the remainder. The modification made the finding conform with the evidence of the accused's separate and distinct intents regarding the property taken. The Board of Review reasoned that so long as the accused was protected against an increase in the authorized punishment and was not prejudiced by the modification, severability should not be limited to compound offenses.

Later, the Court of Military Appeals held that a single specification of larceny of an item may not be carved up so as to permit a single conviction of wrongful appropriation of the assembled item *and* larceny of a component part. *United States v. Pardue*, 15 U.S.C.M.A. 483, 35 C.M.R. 455 (1965).[3] The Court determined that the finding as to a part merged into the finding pertaining to the whole item. This conclusion was based on the requirement that a verdict on

---

2. In support of this contention, counsel cite: *United States v. Evans*, 17 U.S.C.M.A. 238, 38 C.M.R. 36 (1967); *United States v. Moore*, 12 U.S.C.M.A. 696, 31 C.M.R. 282 (1962); *United States v. Kopp*, 9 M.J. 564 (A.F.C.M.R.1980), *pet. denied* 9 M.J. 277; and *United States v. Hunt*, 5 M.J. 804 (A.F.C.M.R.1978), *pet. denied* 7 M.J. 161 (1979).

3. In this case, the accused was charged in one specification with larceny of an automobile. After amendment of the specification, he was convicted of larceny of the automobile's wheels and tires *and* wrongful appropriation of the automobile.

the same specification be consistent. Since the finding of wrongful appropriation of the whole included an acquittal of larceny of the whole's component parts, any finding of larceny of a part, within the same specification, constituted an inconsistent finding. In *United States v. Henry*, 41 C.M.R. 946, 951 n.3 (A.F.C.M.R.1969), *pet. denied* 41 C.M.R. 403 (1970), this Court concluded that *Pardue* precluded the affirmance of both a principal offense and a separately carved lesser included offense within a single specification and specifically declined to sanction the authority provided by *United States v. Chortkoff, supra.*

We find that the holding in *United States v. Pardue, supra,* does not require rejection of the reasoning of *Chortkoff* or dictate the same result in the case under review as that reached in *Henry.*[4] Here we are not confronted with any inconsistency in the finding within the specification. Under the defense's theory, a finding of guilty of larceny of the tote bag would not have been inconsistent with a finding of wrongful appropriation of any of its contents. No acquittal of larceny of the whole item (the bag) would have occurred which would have been inconsistent with a finding of wrongful appropriation of any part (the contents). What could have resulted would have been a finding of an offense of a lessened nature or degree. The authorized punishment would not have been increased and the accused would not have been harmed. Moreover, we find the rationale of *Chortkoff* particularly appealing because, with appropriate instructions, factfinders are able to more clearly express the results of their quest for truth in the wording of their finding.

Although we consider *Chortkoff* viable authority and conclude that the question of the accused's intent regarding the contents of the bag could have been submitted to the members for resolution, we do not agree with appellate counsel that the military judge's failure to do so was error. This record clearly demonstrates an affirmative, calculated and designed course of action by the defense to have the military judge instruct the factfinders on the matter of the accused's intent regarding the bag's contents in the precise terminology used. The defense counsel's deliberate selection of this tactic and his participation in effecting his purpose through the instruction given constitute an express waiver of any omitted instructions regarding issues of lesser culpability. *United States v. Moore*, 12 U.S.C. M.A. 696, 31 C.M.R. 282 (1962); *United States v. Head*, 6 M.J. 840 (N.C.M.R.1979). Waiver disposes of this claimed error on appeal. At trial, the military judge's instructions gave the defense what it requested; on appeal, the mere lack of success from those instructions presents no entitlement to relief.

We are convinced of the accused's guilt of larceny of the tote bag and its contents beyond reasonable doubt. The remaining assigned error is resolved adversely to the accused.

The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

KASTL and MAHONEY, Judges, concur.

---

4. We find that the position taken by this Court in *United States v. Henry*, 41 C.M.R. 946 (A.F. C.M.R.1969), *pet. denied* 41 C.M.R. 403 (1970), unnecessarily benefited the accused. There the accused was charged in a single specification with wrongful use of some five (5) cards which were missing at the same time. The specification did not allege any wrongdoing in relation to the wallet which contained the five (5) cards prior to their disappearance. Thus, there was no opportunity for inconsistent findings within the specification.