UNITED STATES

v.

**Staff Sergeant Mitchell K. BRADLEY, FR 262–39–3941, United States Air Force.**

**ACM 27126.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 July 1988.

Decided 1 Feb. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Darla G. Orndorff.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Terry M. Petrie and Major Scott W. Stucky.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Staff Sergeant Bradley was convicted by a military judge sitting as a general court-martial of larceny and housebreaking, violations of Articles 121 and 130, UCMJ, 10 U.S.C. §§ 921, 930. Before us, he raises two contentions:

### I

THE APPELLANT WAS SUBJECTED TO SELECTIVE PROSECUTION IN VIOLATION OF HIS FIFTH AMENDMENT RIGHT TO DUE PROCESS AND EQUAL PROTECTION.

### II

THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE APPELLANT GUILTY OF HOUSEBREAKING.

### I

The appellant claims he was singled out for prosecution in violation of his Fifth Amendment rights. He was part of a band of six Security Police thieves at Beale Air Force Base, California. When the Office of Special Investigations broke up the ring, they interviewed everyone. All but Staff Sergeant Bradley confessed their involvement; in contrast, he stood on his Article 31, 10 U.S.C. § 831 rights. Later, the other five received nonjudicial punishment. Staff Sergeant Bradley now claims that he was selectively prosecuted since: (a) he was the only one involved to receive a court-martial; and (b) his commander conceded on cross-examination that the "uncooperative" Bradley might have received nonjudicial punishment had he too admitted culpability.

We find that Staff Sergeant Bradley was not subjected to discriminatory prosecution; thus, his Constitutional rights were not violated.

Selective prosecution is seldom established:

> To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least *prima facie*, (1) that, while others *similarly situated* have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.

*United States v. Hagen*, 25 M.J. 78, 83 (C.M.A.1987), quoting *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)(emphasis added).

Here, Staff Sergeant Bradley has failed to negotiate the first hurdle, the requisite *prima facie* showing that he was prosecuted when similarly placed individuals escaped. During this timeframe, his status was distinctive; he was the Security Police flight chief, assistant flight chief, or

security response team leader charged with protecting the areas in which his criminal activities took place. He was also senior to all others present. According to testimony at trial, his enterprise extended to stealing things and then calling others to advise that he had booty for them. Moreover, as his unit commander explained it, the accused had a greater culpability because it appeared he "took more."

Significantly, Sergeant Bradley had "additional responsibilities as security flight chief and he had special privileges and special trust in that leadership role", according to his commander. On cross-examination, the unit commander pointedly disagreed with the defense claim that appellant's assertion of Article 31 rights inspired his court-martial: "No, that's not the real reason at all. I see the real reason—that he was the flight chief, he was responsible for those men and women working."

On the basis of the facts before us, we hold that there was no selective prosecution here. *United States v. Pierce*, 25 M.J. 607, 609 (A.C.M.R.1987); *see generally* Annot., 45 ALR Fed 732 (1988) (extensive gathering of cases). Simply stated, both the appellant's heavy degree of involvement and his status were valid matters in considering whether to prosecute. *See United States v. Schullo*, 390 F.Supp. 1067 (D.C.Minn.1975) and *United States v. Bell*, 506 F.2d 207 (D.C.Cir.1974). True enough, the cooperation and willingness of some of the others to testify against the appellant may have earned them a greater degree of indulgence. *See generally United States v. McCarty*, 25 M.J. 667, 671 (A.F.C.M.R. 1987). However, as appellate government counsel aptly puts it, this is "the time-honored manner of such things;" use of cooperative witnesses anxious to ease their own

paths is an accepted and necessary practice. It does nothing to prove discriminatory prosecution, however. In sum, appellant simply has failed to meet the heavy burden of proof of selective prosecution. *See United States v. Garwood*, 20 M.J. 148, 154 (C.M.A.) *cert. denied*, 474 U.S. 1005, 106 S.Ct. 524, 88 L.Ed.2d 456 (1985).[1]

II

The appellant was charged in a single specification with housebreaking into both Buildings 1086 and 1029 at Beale Air Force Base.[2] At trial, he pleaded not guilty *vis-a-vis* Building 1029 and guilty to the lesser included offense of unlawful entry as to Building 1086. After a detailed inquiry by the military judge, the appellant's pleas to the lesser included offense at Building 1086 were accepted. Soon thereafter, the Government opted to: (a) litigate fully the matter of Building 1029; and (b) produce no further evidence as to Building 1086. True to its word, the prosecution offered nothing further as to Building 1086. The military judge—perhaps through oversight at the end of an extensively litigated trial— found Staff Sergeant Bradley guilty of the entire specification, thereby signifying he was guilty of housebreaking as to both buildings.

The appellant in essence argues two matters. First, he contends that it is impossible as a matter of law to hold him guilty of *housebreaking* as to Building 1086 since no evidence supports that crime. Second, the appellant urges that the findings of this Charge and its specification should be set aside. We agree with the first premise but disagree with the second.

We believe the crucial question posed is this: If they are not separately

1. In military practice, we appear to be considering appellate contentions of selective prosecution even though they have not been raised at trial. *See United States v. Hagen*, 25 M.J. 78, 83 (C.M.A.1987) and *United States v. Pierce*, 25 M.J. 607, 609 (A.C.M.R.1987). This does not seem to be the Federal civilian practice. *See United States v. Jarrett*, 705 F.2d 198 (7th Cir.1983); *United States v. Radetsky*, 535 F.2d 556 (10th Cir.1976) and *United States v. Oaks*, 508 F.2d 1403 (9th Cir.1974).

2. The original specification was duplicitous in that two separate offenses were stated in a single count. *See Winthrop, Military Law and Precedents* (1920 reprint) p. 143. The matter was waived since there was no objection by the defense. *See* R.C.M. 906(b)(5) and Mil.R.Evid. 103(a)(1).

stated, may an accused be found guilty of both a major offense and a lesser included offense within the same specification? We today answer that question in the affirmative.

Military precedent provides minimal guidance in this area. In *United States v. Calhoun*, 5 U.S.C.M.A. 428, 18 C.M.R. 52 (1955), the Court of Military Appeals first considered the permissibility of severing a single specification, thus finding the accused guilty of two lesser included offenses. Private Calhoun had been charged with robbery. He pleaded guilty to the lesser included offense of assault and battery and was found guilty of both that offense and wrongful appropriation. The Court first noted that robbery was among a small class of compound crimes, made up of two lesser offenses adding up to a single offense. Finding no rational possibility that the accused was wronged, the Court affirmed. Each member wrote separately. The author, Judge Latimer, opined that the defense was not prejudiced as to findings or sentence. Even conceding the defense contention that assault and wrongful appropriation were inaccurately twinned in one specification, he commented that, "the light of duplicity might show through but it would be so obscure that it would have no measurable impact on the members." *Id.* at 58. Chief Judge Quinn, concurring, commented that "we should hardly insist upon form to the exclusion of common sense." *Ibid.* Judge Brosman, also concurring, noted that as to the two lesser offenses being upheld:

> No sound reason for a contrary conclusion has been brought to my attention. In fact none at all has—save (1) a certain conception of "orderly pleading," and (2) a wholly speculative attribution of purpose to the Manual and legislative draftsmen . . . .

*Id.* at 58–59.

*Calhoun* dealt only with relatively rare compound crimes; in *United States v. Pardue*, 15 U.S.C.M.A. 483, 35 C.M.R. 455 (1965), the Court extended its analysis to a situation where the accused was found guilty of both wrongful appropriation of a vehicle and larceny of its tires and wheels. The court-martial had proceeded under a single count of larceny of the vehicle. The Court held that a court-martial could not bring in a bifurcated verdict of guilty as to one part of a count yet not guilty as to another part. The Court reasoned that the members necessarily acquitted the accused of stealing the vehicle when they found him guilty of wrongful appropriation. They could not then convict him of theft of an essential part. The issue was resolved by approving the lesser degree of criminality. *Calhoun* was distinguished as involving a compound crime. *Id.* at 35 C.M.R. 457.

In *United States v. Chortkoff*, 34 C.M.R. 774 (A.F.B.R.1963), the Air Force Board of Review addressed a case similar to the present one. It affirmed the modification of a finding of guilty of a single larceny of divisible property into two—larceny of $6.08 and wrongful appropriation of $140.00. The accused had taken a cash box with both large and small bills. He testified he knew the victim had a list of serial numbers of the larger bills; thus, he intended to keep only the small sums and return the larger bills. Agreeing, the convening authority concluded that the accused's pleas of guilty to larceny were improvident as to the larger bills. He approved findings of wrongful appropriation of $140.00 and larceny of the remaining $6.08. The Air Force Board of Review affirmed, citing *Calhoun*. Referring to the convening authority's action, the Board commented: "We see no reason to limit such an action to a compound offense, so long as the accused is safeguarded against an increase in the authorized punishment, and he is not harmed by the modification." *Id.* at 777.

*Chortkoff* has been directly addressed three times by this Court. More sardonic readers might suggest we have answered the question of its vitality with a "yes," "no," and "maybe."

In *United States v. Henry*, 41 C.M.R. 946 (A.F.C.M.R.1969), *pet. denied* 41 C.M.R. 403 (1970), we dealt with a case involving, among other offenses, possession of

military documents with intent to deceive. The Government claimed the accused possessed five documents intended to deceive the public. The Court found that the accused possessed only one of the five documents with intent to deceive. Writing for the Court, Judge Brewer rejected the possibility that the accused could also be guilty of the lesser included offense of wrongful possession of the remaining four documents *without* an intent to deceive. *Chortkoff* was "open to serious doubt," wrote Judge Brewer, declining to sanction it. To Judge Brewer, the Government's original election to plead possession of all five documents as a single crime precluded the Court from affirming both the principal offense and a separately carved out lesser included one; he cited *United States v. Pardue,* as authority. *See United States v. Henry,* 41 C.M.R. at 951 n. 3.

Twelve years later, in *United States v. Jones,* 13 M.J. 761 (A.F.C.M.R.1982), *pet. denied* 14 M.J. 171 (1982), Senior Judge Powell revisited *Chortkoff.* The *Jones* case involved a defense counsel insisting on an "all or nothing" instruction as to larceny and adamantly opposing any instructions on a lesser included offense. As Judge Powell saw it, the accused's "split intent" was placed in issue because there was larceny of divisible property charged in a single specification. Finding that the defense waived the issue of instructions on lesser offenses, Judge Powell nonetheless discussed in depth the reasoning of *Chortkoff.* He found it "viable authority." *Id.* at 765.

Finally, in *United States v. Burge,* 25 M.J. 576, 578 (A.F.C.M.R.1987), this Court analyzed a situation where appellant intended to steal an unspecified portion of funds and wrongfully appropriate the remainder. Judge Lewis declined to carve out two specifications at the appellate level. Whether that decision was of limited, fact-specific value or intended to disagree with *Chortkoff* is not crystal clear.

After reviewing these precedents, we conclude that *Chortkoff* represents good law. We find nothing offensive in halving the specification in question into two "mini specifications" to reflect accurately what the accused did: He wrongfully entered Building 1086 but he was guilty of the greater offense of housebreaking in relation to Building 1029. We see no requirement in justice or fairness to intentionally distort the accused's criminal conduct by setting aside guilty findings that are not duplicative in fact. *See United States v. Tyler,* 14 M.J. 811, 813 (A.C.M.R.1982). Furthermore, we are convinced that the accused was not misled and he would be protected against double jeopardy. *United States v. Lynch,* 22 U.S.C.M.A. 457, 460, 47 C.M.R. 498, 501 (1973). Finally we have no difficulty with the fact that the offenses fall under different articles of the UCMJ. Modern authority is scant, but we find persuasive *United States v. Francis,* 15 M.J. 424, 429 (C.M.A.1983); there, the Court of Military Appeals in an unauthorized absence case involving mixed pleas as to different timeframes commented that: "We doubt the correctness of the underlying premise that an accused charged with one offense cannot be found guilty of more than one at the same trial."

Accordingly, to reflect the conduct of which the accused was properly found guilty upon his pleas by the military judge, we first clarify the matter of unlawful entry into Building 1086 and amend by adding a specification under a new Charge IV, UCMJ Article 134, 10 U.S.C. § 934, which will state:

In that STAFF SERGEANT MITCHELL K. BRADLEY, United States Air Force, 9th Security Police Squadron, Beale Air Force Base, California, did, from on or about 1 August 1987 to on or about 31 December 1987, unlawfully enter the "Penthouse" area of Building 1086, property of the United States, in violation of Article 134, UCMJ.

After having thus added a new specification and Charge IV involving Building 1086, we will: (a) delete any mention of same from the original Charge III and its specification; and (b) tailor that specification to reflect solely the housebreaking at Building 1029. Therefore, we set aside so much of the approved findings of guilty of

the original specification of Charge III as *exceeds* findings that the accused did, at the time alleged, unlawfully enter Building 1029 with intent to commit a criminal offense, to wit: larceny, therein, a violation of Article 130, UCMJ.

As for sentencing: At trial, the military judge considered that the maximum sentence would extend to a dishonorable discharge, six years of confinement, and accessory penalties. It is clear from the record of trial that he considered the larceny of under $100.00 to draw a one year confinement maximum; it is also clear that he considered all the conduct encompassing wrongful entry and housebreaking limited by the five year maximum for house-

breaking. Thus, we are satisfied from the record that the accused was not prejudiced as to sentence.

The findings of guilty, as modified, and the sentence are

AFFIRMED.

Senior Judge LEWIS and Judge BLOMMERS concur.