UNITED STATES, Appellee,

v.

Carlos RAMIREZ, Jr., Second
Lieutenant, U.S. Air Force,
Appellant.

No. 48,032.

ACM 23861.

U.S. Court of Military Appeals.

Feb. 24, 1986.

For Appellant: *Colonel Leo L. Sergi* and
*Major Conrad C. Baldwin, Jr.* (on brief).

For Appellee: *Colonel Andrew J. Adams, Jr.* and *Colonel Kenneth R. Rengert* (on brief).

*Opinion of the Court*

PER CURIAM:

Contrary to his pleas at a general court-martial, appellant was convicted by a panel of officer members of masturbating in a public place in the presence of two minor children and indecent exposure, in violation of Articles 133 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 933 and 934, respectively. The military judge instructed the court members that the maximum punishment included dismissal from the service, confinement for 7 years, and total forfeitures. The sentence adjudged was dismissal, confinement for 6 months, and forfeiture of $750.00 pay per month for 6 months. The findings and sentence were approved by the convening authority and affirmed by the Court of Military Review. This Court granted review to consider whether the military judge erred in determining the maximum punishment authorized by the findings of guilty.[1]

█ The parties at trial agreed that the charges were multiplicious for sentencing. There was disagreement, however, concerning the computation of the maximum sentence for the Article 133 offense, which was not specifically listed in the Table of

1. The issue granted review is:

WHETHER THE MILITARY JUDGE ERRED BY INSTRUCTING THE COURT MEMBERS THAT THE MAXIMUM PUNISHMENT FOR THE OFFENSE OF CONDUCT UNBECOMING AN OFFICER ALLEGED IN THE SPECIFICATION OF CHARGE II WAS, UNDER THE TABLE OF MAXIMUM PUNISHMENTS, MORE "CLOSELY RELATED" TO THE OFFENSE OF TAKING INDECENT LIBERTIES WITH A CHILD UNDER THE AGE OF 16, THAN TO OTHER LESSER–INCLUDED OFFENSES REASONABLY RAISED BY THE EVIDENCE.

Maximum Punishments. The Manual for Courts-Martial then in force provided:[2]

> The punishment stated opposite each offense listed in the Table of Maximum Punishments is hereby prescribed as the maximum punishment for that offense, and for any lesser included offense if the latter is not listed, and for any offense closely related to either if not listed. If an offense not listed in the table is included in an offense which is listed and is also closely related to some other listed offense, the lesser punishment prescribed for either the included or closely related offense will prevail as the maximum limit of punishment. However, if the offense is closely related to more than one listed offense, the maximum punishment for the most closely related offense shall be used in making this determination.

Defense counsel contended that the Article 133 offense of masturbating in the presence of the two girls, ages 9 and 10, was more "closely related" to the offenses of indecent exposure or committing a nuisance, for which maximum punishments of 6 and 3 months respectively were authorized by the Table of Maximum Punishments. Para. 127c, Manual for Courts-Martial, United States, 1969 (Revised edition). But the judge agreed with trial counsel's position that the misconduct was more closely related to the offense of taking indecent liberties with a child under the age of 16 years, for which a maximum of 7 years' confinement was authorized.[3]

The offense of taking indecent liberties with a child was described in paragraph 213f(3) of the Manual, *supra*, as follows:

> This offense consists of taking any immoral, improper or indecent liberties with, or the commission of any lewd or lascivious act upon or with the body of any child of either sex under the age of 16 years with the *specific intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of the person committing the act, or of the child, or of both.* When the accused is charged with taking indecent liberties, the liberties must be taken in the physical presence of the child, but it is not essential that the evidence show physical contact between the accused and the child. Thus, *one who with the requisite intent exposes his private parts to a child under the age of 16 years may be found guilty of this offense.* Nonconsent by the child to the act or conduct is not essential to this offense, nor is consent a defense.

(Emphasis added.)

The specification under Article 133 does not specifically allege the intent to arouse, appeal to, or gratify "the lust or passions or sexual desires." Inherent in the definition of the term "masturbation," however, is the concept of specific intent to gratify or fulfill one's sexual desires. Although other forms of touching, manipulating, or exposing one's genitals may not be directed towards sexual gratification, masturbation is defined as "[s]elf-stimulation of the genital organs for purposes of sexual pleasure." II R. Goldenson, Ph.D., *The Encyclopedia of Human Behavior: Psychology, Psychiatry, and Mental Health* 754 (1970). It is also defined as "the induction of erection and the obtaining of sexual satisfaction, in either sex, from manual or other artificial mechanical stimulation of the genitals." H. English & A. English, *A Comprehensive Dictionary of Psychological and Psychoanalytical Terms* 306 (1958). In *Commonwealth v. Gary*, 193 Pa.Super. 111, 163 A.2d 696, 697 (1960), the definition of masturbation from *Webster's New International Dictionary* (2d ed.), was quoted as follows: "to perform masturbation of (self or passive subject); to practice sexual self-gratification; production of an orgasm by excitation of the

---

**2.** Para. 127c(1), Manual for Courts-Martial, United States, 1969 (Revised edition).

**3.** The better practice would have been for trial counsel to draft the Article 133 offense to specifically allege the elements of indecent liberties with a child.

genital organs, as by manipulation or friction, without heterosexual intercourse."[4]

The military judge instructed the members on findings that they must be satisfied beyond a reasonable doubt that appellant masturbated in front of the minor children. In conformity with the above definitions, he instructed that the term masturbation meant "to stimulate or manipulate one's own genitals for the purpose of sexual gratification." He likewise predicated his ruling on sentencing on this basis, stating, "The offense of indecent acts with a child specifically requires that there be an intent to satisfy or gratify one's sexual desires; the definition of masturbation would seem to fit into that as a specifically sexual act."

If the instructed-upon definition is substituted for the word "masturbation" in the specification, then it would read as follows:

In that 2ND LT CARLOS RAMIREZ, JR., United States Air Force, 351 Organizational Missile Maintenance Squadron, did, at Whiteman Air Force Base, Missouri, on or about 5 June 1982, in a public place, to wit: a playground [stimulate his genital organs with the intent of gratifying or satisfying his sexual desires] in the presence of two minor children, to the disgrace of the armed forces.

Clearly, such a specification most closely relates to indecent liberties with a child. Thus, the military judge correctly computed the maximum sentence.

■ We note that Charge I, which alleges indecent exposure under Article 134, is multiplicious with Charge II, which alleges the Article 133 violation. *United States v. Scott*, 21 M.J. 345 (C.M.A.1986); *United States v. Timberlake*, 18 M.J. 371 (C.M.A. 1984); *United States v. Rodriquez*, 18 M.J. 363 (C.M.A. 1984). In this case there is no need to consolidate the charges because Charge II recites explicitly the significant facts. Accordingly, we will dismiss the charge laid under Article 134. We are satisfied that appellant was not prejudiced as to sentence by this multiplicity.

The decision of the United States Air Force Court of Military Review is reversed as to Charge I and its specification, the findings of guilty thereon are set aside; and that Charge and its specification are dismissed. In all other respects, the decision below is affirmed.

---

**4.** *Webster's Third New International Dictionary* 1391 (1981) provides that the word "masturbate" originated from *manus* (hand) and *stuprare* (to defile, deflower).