**UNITED STATES**

**v.**

**Thomas E. CAHILL, Jr., 168 62 1353, Private (E–1), U.S. Marine Corps.**

**NMCM 85 4465.**

U.S. Navy-Marine Corps Court of Military Review.

31 March 1986.

LCDR FREDERICK N. OTTIE, JAGC, USN, Appellate Defense Counsel.

LT SUSAN R. CORNELL, JAGC, USNR, Appellate Defense Counsel.

LT MICHAEL MUDGETT, JAGC, USNR, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and GLADIS and CASSEL, JJ.

GLADIS, Judge:

Among other things, the accused contends that one specification of which he was convicted does not state an offense and certain other specifications are multiplicious for purposes of findings. We find no merit in his contentions, but dismiss the allegedly deficient specification, because it is included in another specification, and reassess the sentence.

█ The accused contends that Specification 2 of Charge VI, which alleges that he did "wrongfully commit an indecent act, to wit: urinating on a public building" does not state an offense. He pled guilty to the specification, which fairly alleges that he committed a nuisance. Similar specifications are found in *Manual for Courts-Martial, 1951,* app. 6c, No. 155 and *Manual for Courts-Martial, 1969 (Rev.),* app. 6c, No. 164. We assume that the drafters of *Manual for Courts-Martial, 1984,* (MCM, 1984) did not include such a specification under Article 134, 10 U.S.C. § 934, because the disorderly conduct specification "includes conduct that endangers public morals or outrages public decency". MCM, 1984, Part IV, para. 73c(2). The accused in this case was also convicted of disorderly conduct that included this conduct. (R. 43). We recognize that, in some circumstances, it may be proper to charge and punish conduct similar to that of the accused's as the offense of indecent liberties. *See United States v. Ramirez,* 21 M.J. 353 (C.M.A.

1986); *United States v. Scott,* 21 M.J. 345, 348 (C.M.A.1986). Absent, however, circumstances demonstrating a close relationship to an indecent act, assault, or liberties, a specification alleging commission of a nuisance should be punished as a disorderly conduct specification. Such circumstances are not present in this case. Therefore, we shall dismiss the nuisance specification. Reassessment of the sentence is required because apparently the parties believed that the maximum punishment authorized for the nuisance offense was that authorized for an indecent act, vice that authorized for disorderly conduct.

█ The Article 89 and 90, 10 U.S.C. §§ 889, 890 offenses of which the accused stands convicted are not multiplicious. *Compare United States v. Carroll,* 18 M.J. 108 (C.M.A.1984) (summary disposition) *with United States v. Brunson,* 21 M.J. 162 (C.M.A.1985) (summary disposition). *See also United States v. Holt,* 16 M.J. 393 (C.M.A.1983). The Article 91, 10 U.S.C. § 891 disrespect and disobedience offenses under the Additional Charge are not multiplicious because they were not contemporaneous and the disrespect specification as consolidated by the military judge includes matter, an additional victim, not included in the disobedience specification.

The remaining assignment of error is without merit.

Accordingly, the findings of guilty of Specification 2 of Charge VI are set aside and that specification is dismissed. The remaining findings of guilty and, upon reassessment, the sentence as approved below are affirmed.

The court-martial order does not reflect that the military judge consolidated Specifications 3 and 4 of the Additional Charge. A corrected court-martial order must be issued.

Senior Judge MITCHELL and Judge CASSEL concur.