UNITED STATES, Appellee,

v.

William N. THOMAS, Sergeant U.S. Army, Appellant.

No. 52,927.

CM 446773.

U.S. Court of Military Appeals.

Sept. 25, 1987.

For Appellant: *Captain Lorraine Lee* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Paul J. Luedtke, Major Eric T. Franzen* (on brief); *Captain Annamary Sullivan.*

For Appellee: *Captain Joseph P. Falcone* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Denise K. Vowell* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried by general court-martial—military judge alone—for taking indecent liberties with children (ages 9, 5, and 3 years). He was found guilty of wrongfully committing indecent acts with another,[1] in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a dishonorable discharge, total forfeitures, and reduction to the lowest enlisted pay grade. The convening authority approved the findings and sentence, and the Court of Military Review affirmed. On July 21, 1986, we affirmed the decision of the court below by order. 22 M.J. 410. Appellant then filed a Petition for Reconsideration, which we granted on

---

1. The original specification alleged that appellant

did ... on or about 17 March 1984, take indecent liberties with ... [three] female children under the age of 16, by removing his own clothing and dancing in the nude in front of them, and by removing all clothing of ... [two of them], chasing them around the room, having them dance nude in front of him and asking them to touch him, with the intent to gratify the lust of the said ... [appellant].

Notwithstanding appellant's pleas to the indecent acts offense, the Government unsuccessfully attempted to prove the offense of taking indecent liberties with children and called one of the children to testify. The specification, after exceptions and substitutions, stated that appellant

did ... on or about 17 March 1984, wrongfully commit an indecent act with ... [three] female children under the age of 16, by removing his own clothing and dancing in the nude in front of them.

December 17, 1986. 23 M.J. 279. The Court specified review of the following issue:

WHETHER THE FACTS RELATED BY APPELLANT DURING THE PROVIDENCE INQUIRY AMOUNT TO ANY OFFENSE UNDER THE CODE GREATER THAN INDECENT EXPOSURE, SEE UNITED STATES V. RAMIREZ, PET. GR., 18 M.J. 119 (1984); UNITED STATES V. SCOTT, PET. GR., 18 M.J. 10 (1984).[2]

During the providence inquiry, the military judge explained the elements of the offense of indecent acts with another. Appellant stated that, while he was babysitting, one of the children suggested that they play modeling. Thereafter, two of the children undressed and danced with a sheet wrapped around them. One of the children then observed that it was appellant's turn, and appellant removed his clothing and danced in front of the children with a sheet wrapped around his body. Appellant acknowledged that, while he was dancing, the sheet came off, and he was completely nude in front of the children. At that time, a parent unexpectedly returned home and found appellant in that state.

Appellant now contends that the record of trial supports only a conviction for "indecent exposure." He argues that there must be a "touching of another person" to constitute the offense of indecent acts, and that the element of "touching" distinguishes *indecent acts* with another from *indecent exposure*. In view of the fact that the indecent-acts offense carries a possible 5–year sentence and indecent exposure carries a maximum 6–month sentence, appellant submits that he was prejudiced as to the sentence imposed.[3]

2. *See United States v. Ramirez,* 21 M.J. 353 (C.M.A.1986).

3. Appellant asserts that he has been substantially prejudiced by the characterization of this offense as an indecent act. Because of the date of the offense, the applicable maximum punishment was controlled by paragraph 127 of the Manual for Courts-Martial, United States, 1969

Recently, in *United States v. Scott,* 21 M.J. 345, 348 (C.M.A.1986), *citing United States v. Brown,* 3 U.S.C.M.A. 454, 13 C.M.R. 10 (1953), we held that the offense of *indecent liberties* with a child did not require any physical contact between the perpetrator and the victim. Likewise, we held in *United States v. Ramirez,* 21 M.J. 353 (C.M.A.1986), that an allegation under Article 133, UCMJ, 10 U.S.C. § 933, that an accused masturbated in a public place in the presence of two minor children was closely related to the offense of taking indecent liberties with a child (no touching was involved), and the maximum punishment that could be imposed for such offense applied to the Article 133 allegation.

Committing indecent acts with another is a lesser-included offense of taking indecent liberties. Taking indecent liberties *with a child* requires proof of indecent acts, the child's age, and an intent on the part of the accused "to arouse, appeal to, or gratify the lust, passions, or sexual desires of the accused, the victim, or both," but does not require a physical touching. *See* Part IV, para. 87b(2), Manual for Court-Martial, United States, 1984; *United States v. Gaskin,* 12 U.S.C.M.A. 419, 31 C.M.R. 5 (1961).

The offense of committing indecent acts with another requires that the acts be done in *conjunction or participating with another person. See United States v. Holland,* 12 U.S.C.M.A. 444, 31 C.M.R. 30 (1961); *United States v. Gaskin, supra;* Part IV, para. 90b(1), Manual, *supra;* App. 6c, no. 159, Forms For Specifications, Manual for Courts-Martial, United States, 1969 (Revised edition). The offense of indecent exposure does not require participation by another person. *See United States v. Caune,* 22 U.S.C.M.A. 200, 46 C.M.R. 200 (1973); *United States v. Stackhouse,* 16

(Revised edition). The maximum punishment that can be imposed for indecent exposure as set forth therein extends to forfeiture of 2/3 pay per month for 6 months and confinement for 6 months, but the maximum imposable punishment for committing indecent acts with another extends to a dishonorable discharge, total forfeitures, and confinement for 5 years.

U.S.C.M.A. 479, 37 C.M.R. 99 (1967); *United States v. Conrad,* 15 U.S.C.M.A. 439, 35 C.M.R. 411 (1965); Part IV, para. 88b, 1984 Manual, *supra.*[4]

Here the "acts" of playing games with these young children, acting out the role of nude models, and dancing with them, were, as appellant admitted, indecent. It is the *participation* of appellant with the children in the performance of the indecent acts which distinguishes it from indecent exposure of appellant's person to the children. It was much more than merely exposing himself to an unwilling nonparticipant. Accordingly, we conclude that appellant's pleas of guilty were properly entered.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

4. Appellant also asserts that the present situation is clearly contemplated within the offense of indecent exposure. According to the Drafters' Analysis to paragraph 88e, Appendix 21, Manual for Courts-Martial, United States, 1984: "Indecent exposure ... in front of children," without the requisite intent for indecent acts or liberties "is sufficiently serious to authorize a punitive discharge." However, the analysis is consistent with our distinction between an offense committed merely in view of another person, and an offense which is committed with the active participation of another person. The fact that the participants here were children is evidence that the nude dancing was indecent, but the proof of "indecent acts" does not include an element that the participants be children.