**UNITED STATES, Appellee,**

v.

**Private E-1 Santiago MURRAY–COTTO, 583–61–8616, United States Army, Appellant.**

**CM 448831.**

U.S. Army Court of Military Review.

14 Jan. 1988.

For Appellant: Captain Richard J. Anderson, JAGC, Captain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Bryant G. Snee, JAGC (on brief).

Before COKER, KENNETT, and ROBBLEE, Appellate Military Judges.

### OPINION OF THE COURT
### ON REMAND

PER CURIAM:

Appellant was convicted by a general court-martial composed of officer members of, *inter alia*, indecent acts with a female. The convening authority approved appellant's sentence to a bad-conduct discharge, confinement for twenty-four months, and forfeiture of $275.00 pay per month for twenty-four months. This court affirmed the findings and the sentence. The case is before the court on remand by the United States Court of Military Appeals, 25 M.J. 434, for further review of appellant's conviction of indecent acts in light of *United States v. Thomas,* 25 M.J. 75 (C.M.A.1987) and *United States v. Ramirez,* 21 M.J. 353 (C.M.A.1986).

In August 1985, appellant drove his automobile toward Miss H, a seventeen year old German girl, who was riding a bicycle. He drove very close to her, forcing her toward a fence at the side of the road. When Miss H turned toward appellant, she saw that his fly was open and that appellant was masturbating. Appellant shouted something to Miss H in English before driving on. Two days later, appellant again drove by Miss H while she was walking along the road near her home, forcing her to the side of the road. On this second occasion, she looked away from appellant when she recognized him, but caught a glimpse of his exposed penis. Appellant made a U-turn, and drove past her again, at which time Miss H memorized the license number and reported the incidents to the police.

 Appellant alleges that these acts constitute only indecent exposure, because there was no physical contact between appellant and Miss H, and because Miss H did not participate in the acts in any manner. We disagree. The offense of indecent acts with another does not require physical contact between the perpetrator and the victim. *United States v. Thomas, supra* (dancing in the nude with children). Rather, it "requires that the acts be done in *conjunction or participating with another person.*" *Thomas*, 25 M.J. at 76 (emphasis in original). The acts may be consensual or nonconsensual in nature. *United States v. Anderson*, 10 M.J. 536 (A.C.M. R.1980).

In the case *sub judice*, Miss H was not simply a bystander who happened to witness appellant masturbating in public. Instead, appellant engaged the attention and participation of Miss H in his acts by forcing her to the side of the road and shouting at her. Appellant did "much more than merely expos[e] himself to an unwilling nonparticipant." *Thomas*, 25 M.J. at 77. *Cf. United States v. Ramirez, supra* (masturbation in front of children in public playground punishable as indecent liberties); *United States v. Scott*, 21 M.J. 353 (C.M.A. 1986) (showing children pornographic magazine constitutes indecent liberties); *United States v. Holland*, 31 C.M.R. 30 (C.M.A.

1961) (wrongfully and indecently inducing enlisted man to disrobe and pose in various stages of undress sufficiently describes an offense). Accordingly, we find that appellant's acts were done in conjunction or participating with another person, and thus were sufficient to make out the offense of indecent acts.

The issues personally asserted by appellant are without merit.

The findings and sentence are again affirmed.