UNITED STATES

v.

**Airman First Class Vernon U. JACKSON, FR 241–27–3521, United States Air Force.**

**ACM 28413.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 Jan. 1990.

Decided 28 June 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major George P. Clark.

Appellate Counsel for the United States: Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr. and Captain James T. Hedgepeth.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Two intriguing issues face us today. We find merit as to the first and reassess the sentence.

### Indecent Act v. Indecent Exposure

█ Airman First Class Jackson was charged with an *indecent act* with SF by willfully exposing his penis in her presence at the base library. This was a violation of Article 134, UCMJ, 10 U.S.C. § 934. He pleaded guilty and was sentenced by a general court-martial consisting of members.

On appeal, Jackson argues that his plea was improvident. He says his real offense was indecent exposure—not an indecent act. Both violate Article 134, UCMJ.

However, the maximum punishment for indecent exposure includes a bad conduct discharge and only six months confinement; an indecent act with another may be punished by a dishonorable discharge and up to five years confinement. MCM, Part IV, paragraphs 88e and 90e.

Jackson now insists that an indecent act must be committed *in conjunction with another.* He concedes that he noticed SF and found her attractive, started masturbating, and then moved to keep her in view. Yet he argues that SF was not his active partner so as to draw a possible increased punishment for indecent acts with another.

The Government counters that SF was no mere victim: She was "not simply a bystander who happened to witness someone who was already masturbating in public." Jackson "started masturbating in her presence, as a result of her presence." He continued to follow her though she moved away. This persistent conduct towards her, says the Government, distinguishes this situation.

Both sides cite the only precedent squarely on point, *United States v. Murray–Cotto,* 25 M.J. 784 (A.C.M.R.1988), *pet. denied,* 26 M.J. 322 (C.M.A.). In *Murray–Cotto,* the appellant twice drove his automobile toward a 17–year old girl on a bicycle, forcing her to the side of the road. The first time, she saw him masturbating. The second time, she glimpsed his exposed penis. The Army Court rejected Private Murray–Cottos's suggestion that his act was only indecent exposure because there was no physical contact.

On the facts before us, we find this appellant guilty of indecent exposure, with its lesser penalty. We premise our decision on three grounds.

First, we read straightforwardly the requirement that an indecent act must be done "with another" (MCM, Part IV, paragraph 90b). The appellant hardly masturbated "with" SF; she was not his co-actor, principal, or co-conspirator. At best, she became the "inspiration" for Jackson's *self*-abuse.

■ Second, we view the framers of the Manual for Courts–Martial as artful drafters. A page or two earlier in the Manual, they addressed the Article 134 offense of indecent acts/liberties with a child. They provided that "physical contact is not required." MCM, Part IV, paragraph 87c(2). By the logic of *exclusio unis,* physical contact still must be necessary for the offense of indecent acts with an adult. Had the drafters intended something different, they clearly knew how to say so. *See United States v. Ramirez,* 21 M.J. 353, 355 (C.M.A. 1986); *United States v. Anderson,* 10 M.J. 536, 538 (A.C.M.R.1980); *see also United States v. Brown,* 3 U.S.C.M.A. 454, 13 C.M.R. 10 (1953).

Finally, we are unconvinced that *Murray–Cotto* is persuasive authority, either on the facts or law, for today's case. It rests upon precedents involving indecent acts with children. As indicated above, a different standard governs that offense.

We vacate the findings of guilty of the greater crime and find the appellant guilty of the offense of indecent exposure. We will reassess his sentence in our decretal paragraphs.

### *Duplicity*

■ The appellant also pleaded guilty to carnal knowledge with CM, a child under 16, in violation of Article 120, UCMJ. In his guilty plea inquiry—as well as in the stipulation of fact admitted into evidence—he explained that he was unable to achieve an erection one time. He pleaded guilty to one offense of carnal knowledge and also to one offense of *attempted* carnal knowledge, under both Articles 80 and 120, UCMJ, 10 U.S.C. §§ 880, 920. The military judge accepted his pleas of guilty after inquiring as to both the facts and the possible legal issue of duplicity.

We have analyzed elsewhere whether an accused may be found guilty of two of-

fenses within the same specification when they are not separately stated. *See United States v. Bradley,* 27 M.J. 872 (A.F.C.M.R. 1989), *pet. granted,* 28 M.J. 355 (C.M.A.). We adhere to that reasoning here as well.

The original drafted specification was faultless. However, the appellant's pleas at trial made it duplicitous—that is, one specification now contained more than one military crime.[1] On balance, we believe the military judge properly found the appellant guilty of more than one offense set forth in the same specification. *See United States v. Calhoun,* 5 U.S.C.M.A. 428, 18 C.M.R. 52, 57 (1955); *United States v. Phifer,* 3 M.J. 761, 762, n. 1 (A.C.M.R.1977). *See also United States v. Johnson,* 4 U.S.C. M.A. 297, 17 C.M.R. 297 (1954); *United States v. Mobley,* 28 M.J. 1024, 1032 (A.F. C.M.R.1989); *Bradley,* 27 M.J. at 875–876 and cases cited.

■ Furthermore, if there was technical error, it was assuredly waived by the appellant. *United States v. Parker,* 3 U.S.C. M.A. 541, 13 C.M.R. 97, 104 (1953); *United States v. Dejonge,* 16 M.J. 974, 977 (A.F.C. M.R.1983); *United States v. Blucker,* 30 M.J. 690 (A.C.M.R.1990) (excellent gathering of precedents); *United States v. McNett,* 21 M.J. 969, 970 n. 1 (A.C.M.R. 1986). We also note, from reading the record, that the bifurcation of the specification did not increase the maximum imposable punishment (R 11, 130).

### *Other Matters*

Three other matters are worthy of note:

1. The staff judge advocate's review was needlessly lengthy. Its style suggests pre–1984 Manual practice. Boilerplate recitations going on and on add nothing useful to the post-trial enterprise. *United States v. McKnight,* 30 M.J. 205, 209 (C.M.A.1990); *United*

---

1. Perhaps a duplicity problem could have been avoided by recharging this appellant. Prior to trial, the parties had hammered out a stipulation which clearly indicated he would be pleading guilty to both carnal knowledge and its attempt. We note that he stood willing to waive his five day waiting period between service of

charges and trial, in accordance with Article 35, UCMJ, 10 U.S.C. § 835. Given this flexibility, and assuming favorable logistics with all the necessary parties available, why not prepare a new Charge Sheet which divided the now-duplicitous carnal knowledge offenses into two separate offenses?

*States v. Boyle,* 30 M.J. 656 (A.F.C.M.R. 1990).

2. The other assignment of error raised by the appellant is decided adversely to him. *United States v. Dawdy,* 17 M.J. 523 (A.F.C.M.R.1983), *rev'd in part on other grounds,* 19 M.J. 69 (C.M. A.1984); *United States v. Jobson,* 28 M.J. 844 (A.F.C.M.R.1989), *certificate for review filed,* 28 M.J. 350.

3. Two sets of court-martial orders will be needed in this case—one expurgated—in accordance with Air Force Regulation 111–1, *Military Justice Guide,* paragraph 17–2 (9 March 1990).

### Remedy

■ We now remedy the error which occurred when the appellant was found guilty of indecent acts rather than indecent exposure. We find this a case where we ourselves can apply the two-step process of *United States v. Peoples,* 29 M.J. 426 (C.M. A.1990), beginning with a determination of what sentence the members would have adjudged if error had not been committed and then properly considering what sentence is appropriate, based on the record and allied papers. The appellant received the benefit of a sentence "cap" which we find extremely generous. It included confinement for 15 months and forfeiture of $500.00 pay per month for 15 months.[2] We find the approved sentence entirely appropriate for indecent exposure, carnal knowledge, and attempted carnal knowledge. *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986).

The findings of guilty, as amended, and the sentence, as reassessed, are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Senior Judge MURDOCK concurs.

Senior Judge BLOMMERS (concurring in part, dissenting in part):

I would affirm the findings of guilty of an indecent act in this case.

First, this is a guilty plea case. The appellant has judicially confessed to committing an indecent act with SF. No defenses or other matters inconsistent with his plea were raised at trial. *See* R.C.M. 910(e), Discussion. This matter is being raised for the first time on appeal. The rationale supporting the Army Court's holding in *United States v. Murray–Cotto,* 25 M.J. 784 (A.C.M.R.1988) (an indecent act without physical contact) was specifically discussed by the parties at trial and explained to the appellant. The following exchange then took place between the appellant and the military judge during the providence inquiry:

MJ: Well, let me see if I can—Airman Jackson, do you understand that for indecent acts, first of all you don't have to actually touch somebody else, do you understand that?

ACC: Yes, Your Honor.

MJ: Have you gone through that with Major Becker and Captain Knott [his trial defense counsel]?

ACC: Yes, Your Honor.

MJ: That [sic] what we've been talking about, where the first element says you did the indecent act with another individual, in this case [SF]. That when we're saying with, we're talking about it was done in conjunction with or in the presence of another person, other than participating with another person, but it doesn't have to actually be physically touching. Do you understand that?

ACC: Yes, Your Honor.

MJ: And that in this case, as a result of your arousal by [SF] and subsequently taking out your penis and stroking it or masturbating it and following her as she walked down the aisle so that you could continue the gratification. Are you satisfied in your own mind that you were doing this with her? In other words, you were doing it while she was in your presence and in essence, in conjunction with her?

ACC: Yes, Your Honor.

**2.** The court sentenced him to a bad conduct discharge, confinement for 36 months, forfeiture of $500.00 pay per month for 36 months, and reduction to airman basic.

The appellant also indicated that had it not been for SF's presence, who he found attractive, he would not have taken out his penis and begun masturbating. Further, he agreed that the following facts as stipulated to by the parties were true:

It was important to the accused, when he was masturbating and exposing himself, that the accused see [SF]. That is why he continued to follow her. *In essence, the accused made [SF] an unwilling participant in his exposure and masturbation.*

(Emphasis added.) I am loathe to disturb a provident guilty plea in a case such as this.

Second, I find nothing to factually distinguish this case from *Murray–Cotto* (the facts are set forth in Senior Judge Kastl's majority opinion). That case also involved a victim over 16 years of age. Citing *United States v. Thomas,* 25 M.J. 75 (C.M.A. 1987) and *United States v. Ramirez,* 21 M.J. 353 (C.M.A.1986), the United States Court of Military Appeals set aside the Army Court of Military Review's initial decision in *Murray–Cotto* and remanded the case for further consideration as to whether the findings of guilty of an indecent act could be sustained. *United States v. Murray–Cotto,* 25 M.J. 434 (C.M.A.1987). The Army Court concluded that they could. The Court of Military Appeals then denied Murray–Cotto's petition for review by that Court. *United States v. Murray–Cotto,* 26 M.J. 322 (C.M.A.1988). Under these circumstances, I do find the Army Court's decision in *Murray–Cotto* to be persuasive precedent.

I would affirm the findings of guilty and the sentence as approved by the convening authority. I concur with the majority opinion in all other respects.