**UNITED STATES**

**v.**

**John L. BROWN, 299–48–6858 Quartermaster Chief (E– 7), U.S. Navy.**

**NMCM 93 00463.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 30 Nov. 1992.

Decided 19 Nov. 1993.

LT Philip Sundel, JAGC, USNR, Appellate Defense Counsel.

LT Scott A. Browne, JAGC, USNR, Appellate Government Counsel.

Before DeCICCO and LAWRENCE, JJ., and REED, Senior Judge.

DeCICCO, Judge:

The central issue in this case is whether appellant's guilty plea to committing indecent acts with another was provident where he admitted having masturbated in his home near his sleeping niece while no one observed him. After examining the pertinent law, we conclude that his plea was improvident.

*Facts*

In accordance with his guilty pleas, appellant was convicted by general court-martial of committing indecent acts with his niece [D] by masturbating in her presence on divers occasions between May 1990 and June 1992, of committing indecent assaults on divers occasions on D during the same time period by fondling her breast and vagina and inserting his finger in her vagina, and of committing an indecent assault on his daughter [A] in April 1992 by fondling her breasts, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. He was sentenced by the military judge to be discharged with a bad-conduct discharge, to be confined for 15 months, and to be reduced to pay grade E-1. The pretrial agreement, which required the convening authority to suspend confinement in excess of three years, did not affect the sentence, and the convening authority approved the sentence as awarded by the court.

Before this Court, appellant has assigned seven errors.[1] The first one challenges the acceptance of appellant's guilty plea to committing indecent acts with his niece. There is no challenge to the guilty findings on the indecent assaults, and we find those pleas to be provident.

Regarding the indecent acts with D, the military judge questioned the appellant under oath in accordance with Rule for Court-Martial 910(e). He advised the appellant of the elements of the offense as follows:

—that at or near Summerville, South Carolina, on divers occasions from on or about 19 April 1990 [2] until on or about June 1992 you committed certain wrongful acts with D and the acts were that you masturbated on divers occasions in her presence;

1. I. THE MILITARY JUDGE ERRED IN ACCEPTING APPELLANT'S PLEA TO INDECENT ACTS WHERE APPELLANT'S ACTIONS DID NOT, AS A MATTER OF LAW, AMOUNT TO INDECENT ACTS.

II. A SENTENCE WHICH INCLUDES AN UNSUSPENDED BAD-CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE.

III. THE COURT-MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (FOOTNOTE OMITTED.)

IV. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (FOOTNOTE OMITTED.)

V. APPELLANT'S COURT-MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (FOOTNOTE OMITTED.)

VI. THIS COURT DOES NOT HAVE THE POWER TO REVIEW APPELLANT'S CASE BECAUSE THIS COURT'S JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE. (FOOTNOTE OMITTED.)

VII. THE JUDGE ADVOCATE GENERAL OF THE NAVY'S PREPARATION OF NAVY-MARINE CORPS COURT OF MILITARY REVIEW JUDGES' FITNESS REPORTS VIOLATES APPELLANT'S RIGHT TO AN IMPARTIAL JUDICIAL FORUM. (FOOTNOTE OMITTED.)

2. Appellant amended this date to May 1990 by exceptions and substitutions.

—that these acts committed by you were indecent; and

—that under the circumstances your conduct was prejudicial to good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Record at 24. Appellant stated he understood the elements and the legal definitions given him of "conduct prejudicial/service discrediting" and "indecent" acts. A short time later, the following colloquy transpired:

MJ: Who is D?

ACCUSED: She is my niece, sir.

MJ: Do you recall committing the alleged acts as contained in specification two in her presence sometime between 19 April 1990 and June of 1992?

ACCUSED: Yes, sir, I do.

MJ: Tell me what you did.

ACCUSED: She was sleeping, sir, and I went into her bedroom while she was asleep and went into the hallway where the bed is and the door is. I went right in where the door goes, and went no further and I stood there and I masturbated in front of her.

MJ: Was she awake or aware of the fact?

ACCUSED: To my knowledge, sir, she was asleep.

MJ: Do you consider having masturbated in her presence under the circumstances to be an indecent act as I legally defined the term for you?

ACCUSED: Yes, sir, it does.

Record at 30–31. And later, the military judge asked:

MJ: ... So let's go back to specification two. Based on what you told me a moment ago, did you in fact commit these indecent acts of masturbating in D's presence sometime between the month of May, 1990 and the month of June of 1991?[3]

ACCUSED: Yes, sir, I did.

MJ: Did you do this on divers occasions as alleged?

ACCUSED: Yes, sir, I did.

Record at 33. The military judge did not inquire further regarding the specific facts surrounding any of the other "divers" occasions referred to in the specification.

*The Law*

Paragraph 90, Part IV, of the Manual for Courts–Martial, United States (1984) (MCM) discusses the offense of indecent acts with another. It states that the first element of this offense is that "the accused committed a certain wrongful act *with a certain person.*" (Emphasis added). We note that this element, as listed in the MCM, differs from what the military judge explained to the appellant and what the specification alleged, namely, that he masturbated *in her presence.*

█ The Court of Military Appeals has held that the offense of committing indecent acts with another requires that the acts be done in *conjunction or participating with another person.* United States v. Thomas, 25 M.J. 75, 76 (C.M.A.1987) (emphasis in original). An indecent act with another does not require a touching or physical contact. *United States v. Hansen,* 36 M.J. 599 (A.F.C.M.R.1992); *United States v. Murray–Cotto,* 25 M.J. 784 (A.C.M.R.1988) *pet. denied,* 26 M.J. 322 (C.M.A.1988); *but see, United States v. Jackson,* 30 M.J. 1203 (A.F.C.M.R.1990) *pet. denied,* 32 M.J. 378 (C.M.A.1991). Likewise, the offense of committing indecent acts or taking indecent liberties with a child does not require a touching and can be completed when done in the presence of the child. Paragraph 87, Part IV, MCM. At the time of the inception date of these offenses, D was over the age of 16.[4]

█ However, we have found no case and none has been brought to our attention that upholds a conviction for committing indecent acts with another in violation of Article 134, UCMJ, where the other person is sleeping and does not observe the act or acts. In *Thomas,* the accused danced in the nude with children; in *Murray–Cotto,* on two occasions, the accused masturbated in his car after

---

**3.** Appellant later amended his plea to include the period through June 1992. Record at 39–40.

**4.** Sworn Affidavit of D dated 24 September 1992, attached as enclosure (3) to appellant's clemency petition.

pulling up next to a 17–year–old German girl, once while she was riding her bicycle down the road and again while she was walking; in *Hansen,* the accused masturbated in front of his daughter after digitally penetrating her and unsuccessfully trying to have intercourse with her, and again having her watch him masturbate in the bathroom; and in *Jackson,* the accused masturbated in front of a female at the base library. In *United States v. Kenerson,* 34 M.J. 704 (A.C.M.R.1992), the accused's conviction for committing indecent acts with another was upheld where he showed his 7–year–old daughter pornographic magazines. In each of these cases, the other person with the accused actually observed something indecent. Nevertheless, the Government asks us to find that appellant's conduct was sufficiently "with another" to affirm his guilty plea. We decline to do so.

We believe that the above-quoted words of the Court of Military Appeals in *Thomas* that the acts be done in conjunction or participating with another person require some minimal observation or actual participation by another person for the offense of committing indecent acts with another to lie. A sleeping victim does not suffice. Accordingly, the finding of guilty to Specification 2 of the Charge is set aside and is ordered dismissed.

### Sentence Appropriateness

■ Appellant also argues that an unsuspended bad-conduct discharge is inappropriately severe. There is no doubt that appellant has a fine military record, attaining the rank of chief petty officer over a 19–year career. There is also no doubt from our review of the record that he is truly remorseful for his crimes. However, he stands convicted of two specifications of sexual assault, one involving his niece and extending over a 2–year period, and the other involving one incident with his daughter. These are serious offenses that call for serious punishment. In light of our dismissal of the specification above, which we view as the least serious of the three of which appellant was convicted, considering all of the circumstances of this case, and applying the principles of *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990)

and *United States v. Sales,* 22 M.J. 305 (C.M.A.1986), we find a sentence that includes a bad-conduct discharge, confinement for 15 months and a reduction to E–1 nonetheless appropriate for these offenses and this accused.

The remaining assignments of error lack merit. *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993); *United States v. Graf,* 35 M.J. 450 (C.M.A. 1992); *United States v. Mitchell,* 37 M.J. 903 (N.M.C.M.R. 24 May 1993) (en banc).

Accordingly, the findings of guilty to Specifications 3 and 4 of the Charge and the sentence, as approved on review below, are affirmed.

Senior Judge REED and Judge LAWRENCE, concur.