UNITED STATES, Appellee

v.

PHILIP B. CUNNINGHAM, Private E–2, and JOSEPH J. FOSBENNER, Private E–2, U. S. Army, Appellants

6 USCMA 106, 19 CMR 232

COL Burton F. Ellis, U. S. Army, and LT COL Joseph L. Chalk, U. S. Army, for Appellants.

LT COL Thomas J. Newton, U. S. Army, and 1ST LT Howard S. Marcu, U. S. Army, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

At a joint trial in Germany, the accused were convicted of assault with intent to commit robbery. Each was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. Intermediate appellate authorities have affirmed the convictions. We granted review to consider the accused's claim of error in the law officer's instructions.

In his instructions, the law officer defined robbery as follows:

"Robbery is defined as the taking with intent to steal, anything of value, from the person of another, against his will, and by means of force or violence. The amount of force used is immaterial, it being enough to constitute robbery if the force overcomes the actual resistance of the person robbed."

The accused contend that they were prejudiced by the law officer's definition. They maintain that the word "steal" is ambiguous, and did not properly inform the court-martial of the intent required to return a verdict of guilty.

In United States v. Williams, 1 USCMA 231, 233, 2 CMR 137, it was held that when an accused is charged with an assault accompanied by a specific intent to commit a particular offense "it [is] necessary and advisable . . . that the latter offense be properly defined." The offense here is assault with the intent to commit robbery. Robbery is a compound offense consisting of as-

sault and larceny. United States v. Calhoun 5 USCMA 428, 18 CMR 52. Therefore, the law officer's instructions must provide the court members with a proper legal framework for the component offenses to enable them to determine intelligently the guilt or innocence of the accused. United States v. Burns, 5 USCMA 707, 19 CMR 3; United States v. Rios, 4 USCMA 203, 15 CMR 203.

In the *Rios* case, the accused was prosecuted for robbery. Although the evidence clearly showed the commission of that offense, a majority of the Court concluded the conviction must be set aside because the specification did not allege a taking from the person or from the presence of the victim. The Court also rejected a Government contention that the lesser included offense of larceny could be sustained on the basis of the allegations in the specification and the proof. It determined that the law officer's instructions were inadequate for that purpose. The law officer had instructed the court it must find that the accused "stole the property described" and that "such stealing" was from the person of the victim. The majority concluded that the word "steal" was too ambiguous to convey to the court members the distinction between an intent to deprive permanently and an intent to deprive temporarily, which is recognized in military law. It said (pages 207–208):

". . . We cannot fail to observe, however, that, even in construing pleadings, 'steal' is not always deemed

**107**

to 'designate technical larceny, but means simply "to take without right or leave." ' United States v. Trosper, 127 Fed 476 (DC Calif); United States v. Lamphere, 3 CMR 531. And in a general sense it may be used to designate any wrongful conversion. 32 Am Jur, Larceny § 2, page 886. Therefore, we must regard the word 'steal' as being ambiguous and much too uncertain in meaning to serve to inform the court-martial that, for a finding of larceny, its members must necessarily find an intent permanently to deprive the victim of his property. Under the Government's conception of the meaning manifested by use of the term 'steal', it would be possible for a law officer fully to advise the court in a larceny case by informing its members only that they need find that the accused 'stole' property of value from the person alleged. We are sure that such rudimentary instructions do not constitute compliance with the requirement that a law officer charge on the elements of the offense charged—nor do we think that the instructions given in the case at hand constituted a sufficient compliance."

The instructional requirements in a case in which the charge is assault with a specific intent to commit a particular offense are not necessarily the same as those in a case in which only the particular offense is charged. United States v. Short, 4 USCMA 437, 16 CMR 11. However, in every case the instructions must provide the court with correct legal standards upon which to judge the guilt or innocence of the accused. In view of our decision in United States v. Rios, supra, the instructions here are erroneous and prejudicial.

The decision of the board of review is reversed. The findings of guilty and the sentence are set aside and a rehearing is ordered.

Judges LATIMER and BROSMAN concur.