# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYCIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class CERION R. ALLEN**
**United States Army, Appellant**

ARMY 20120742

Headquarters, 82d Airborne Division
Tara A. Osborn and Stephen E. Castlen, Military Judges
Lieutenant Colonel Paul J. Cucuzzella, Staff Judge Advocate

For Appellant:  Major Vincent T. Shuler, JA; Captain Robert H. Meek, JA.

For Appellee:  Major Elisabeth A. Claus, JA.

19 February 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per curiam:

Upon review of the entire record pursuant to Article 66(c), UCMJ, we note that appellant was charged with and pleaded guilty to both attempted robbery and attempted larceny (Specifications 1 and 2 of Charge I, respectively).  He was also charged with and pleaded guilty to conspiracy to commit larceny and conspiracy to commit robbery (Specifications 1 and 2 of Charge II, respectively).[*]  "Robbery is a compound offense consisting of assault and larceny." *United States v. Cunningham*, 19 C.M.R. 232, 233, 6 U.S.C.M.A. 106, 107 (C.M.A. 1955).  "Offenses are multiplicious if one is a lesser-included offense of the other." *United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002).  As a matter of logic, both appellant's

----

[*] On appeal, appellant personally challenged the attempted larceny and conspiracy to commit larceny as multiplicious with the attempted robbery and conspiracy to commit robbery, respectively.  Appellant personally raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  His other personal submissions lack merit.

attempt to commit robbery and his conspiracy to commit robbery necessarily include an attempt to commit larceny and a conspiracy to commit larceny, respectively.

Accordingly, the findings of guilty of Specification 2 of Charge I and Specification 1 of Charge II are set aside, and those specifications are dismissed. The remaining findings of guilty are AFFIRMED. Although the military judge varyingly used the terms "multiplicious for the purposes of sentencing" and "unreasonable multiplication of charges for purposes of sentencing," the record is clear that the military judge only sentenced appellant for the greater offenses. Considering the modified findings, we find the sentence as approved by the convening authority is appropriate and is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court