# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, MORAN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class SHELTON A. HUNT**
**United States Army, Appellant**

ARMY 20111081

Headquarters, 82d Airborne Division (Rear) (Provisional) (convened)
Headquarters, 82d Airborne Division (action)
Karin G. Tackaberry, Military Judge
Lieutenant Colonel Paul J. Cucuzzella, Staff Judge Advocate

For Appellant: Major Jaired D. Stallard, JA; Captain Brian J. Sullivan, JA (on brief)

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA (on brief)

25 June 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of violating a lawful general regulation, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (2006) [hereinafter UCMJ]. Contrary to appellant's pleas, the military judge convicted appellant of attempted larceny, attempted robbery, four specifications of conspiracy, willfully disobeying a lawful command of his superior commissioned officer, violating a lawful general regulation, assault in which grievous bodily harm is intentionally inflicted, two specifications of assault with a dangerous weapon, housebreaking, and drunk and disorderly conduct, in violation of Articles 80, 81, 90, 92, 128, 130, and 134, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for twelve years, forfeiture of all pay and allowances, and reduction to the grade of E-1.

The convening authority approved 9 years and 11 months confinement and the remainder of the sentence.[1]

We now review appellant's case under Article 66, UCMJ. Two of appellant's three assignments of error warrant discussion and relief. First, appellant argues that his conviction for attempted larceny (Specification 2 of Additional Charge I) is multiplicious with his conviction for attempted robbery (Specification 1 of Additional Charge I). Second, appellant argues that his convictions for conspiracy to commit larceny, conspiracy to commit robbery, and conspiracy to commit housebreaking (Specification 1, 2, and 3 of Additional Charge II, respectively) constitute a single conspiracy. The government concedes both claims. The remaining assignment of error and the matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not warrant relief.

## BACKGROUND

On or about 30 January 2011, appellant and his co-conspirators broke into a house that they suspected contained illegal drugs and money. They dressed in dark clothing and one conspirator carried a pistol. Appellant personally kicked down the house's back door. Before breaking into the house, appellant and his co-conspirators smoked a "blunt" of spice. All of the co-conspirators knew that they were armed, and the purpose of the housebreaking was to steal drugs and money, by force if necessary. Ultimately, appellant and his co-conspirators did not find any drugs or money in the house.

Later that night, appellant and others became aware of a possible fight at a nightclub called the Speak Easy. Appellant learned that another person, Specialist (SPC) H, had been "disrespecting" Private First Class (PFC) Jackson, whom appellant knew. Private First Class Jackson wanted a gun brought to him. Appellant brought the pistol used in the housebreaking to the Speak Easy and gave it to PFC Jackson, who was visibly angry. Private First Class Jackson said that he would handle the situation. Eventually appellant, PFC Jackson, and others followed SPC H and his vehicle onto the Fort Bragg installation. Private First Class Jackson fired the pistol thirteen times into SPC H's vehicle. A passenger in that vehicle, SPC G, was shot in the arm.

---

[1] The convening authority credited appellant with 151 days of credit against the sentence to confinement.

## LAW AND DISCUSSION

### A. Multiplicity

Appellant stands convicted of both attempted robbery and attempted larceny as a result of his actions before and during the housebreaking.[2] "Robbery is a compound offense consisting of assault and larceny." *United States v. Cunningham*, 6 U.S.C.M.A. 106, 107, 19 C.M.R. 232, 233 (C.M.A. 1955). "Offenses are multiplicious if one is a lesser-included offense of the other." *United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002). Lesser-included offenses are "necessarily included" within the greater offense. *See* UCMJ art. 79; *cf. United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010). As a matter of logic, appellant's attempt to commit robbery necessarily includes an attempt to commit larceny. The lesser offense of attempted larceny is thus multiplicious with the greater offense of attempted robbery.

### B. Conspiracy

Appellant was found guilty of, *inter alia*, three separate specifications of conspiracy: conspiracy to commit larceny, conspiracy to commit robbery, and conspiracy to commit housebreaking. The object crimes of these specifications involved the earlier housebreaking into the house containing suspected drugs and money. Appellant argues that he should only be convicted of a single conspiracy. As we explained in an earlier decision:

> "[C]onspiracy is a partnership in crime." *Pinkerton v. United States*, 328 U.S. 640, 644 (1946). The essence of a conspiracy is in the "agreement or confederation to commit a crime, and that is what is punishable as a conspiracy, if any overt act is taken in pursuit of it." *United States v. Bayer*, 331 U.S. 532, 542 (1947); *see Braverman v. United States*, 317 U.S. 49, 53 (1942). As such, it is ordinarily the agreement that forms the unit of prosecution for conspiracy, "even if it contemplates the commission of several offenses." Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 683 (3rd ed. 1982) (citing *Braverman*, 317 U.S. at 53); see *United States v. Pereira*, 53 M.J. 183, 184 (C.A.A.F. 2000) (finding single conspiracy to commit murder, robbery, and kidnapping); *cf. United States v. Universal C. I. T. Credit Corp.*, 344 U.S. 218, 221 & n.3 (1952) (introducing concept of "unit of prosecution").

*United States v. Finlayson*, 58 M.J. 824, 826 (Army Ct. Crim. App. 2003). Among the factors we use to determine the number of conspiracies include "(1) the

---

[2] He also stands convicted of housebreaking under Article 130.

objectives and (2) nature of the scheme in each alleged conspiracy; (3) the nature of the charge and (4) the overt acts alleged in each; (5) the time and (6) location of each of the alleged conspiracies; (7) the conspiratorial participants in each; and (8) the degree of interdependence between the alleged conspiracies." *Id.* at 827.

After weighing these factors, we conclude that appellant and his co-conspirators engaged in a single conspiracy here. These acts occurred at the same time, had the same participants, and were wholly interdependent. The housebreaking was a means to achieve the objective of stealing drugs and money. Given this record, we conclude that appellant and his co-conspirators had a single agreement to commit multiple crimes.

The government urges us to consolidate Specifications 1, 2, and 3 of Additional Charge II. *See Finlayson*, 58 M.J. at 829. However, for the same reasons we found attempted larceny to be multiplicious with attempted robbery, we find conspiracy to commit larceny to be multiplicious with conspiracy to commit robbery. We will set aside the finding of guilt of Specification 1 of Additional Charge II and dismiss that specification. We will then consolidate Specifications 2 and 3 of Additional Charge II into the Specification of Additional Charge II.

### C. Reassessment

Given the errors noted above, we are confident, considering the remaining specifications, that we can reassess appellant's sentence at our level. *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales,* 22 M.J. 305, 307 n.3 (C.M.A. 1986). We note that the military judge treated the three conspiracy specifications at issue as one specification for sentencing purposes. The military judge also treated the attempted robbery, attempted larceny, and housebreaking specifications as one for sentencing. Appellant also remains convicted of numerous other offenses, including several assault convictions arising from the shooting on Fort Bragg. Thus, neither the penalty landscape nor the admissible aggravation evidence has changed.

Appellant also elected trial by judge alone, and we "are more likely to be certain of what a military judge would have done as opposed to members." *Wincklemann*, 73 M.J. at 16. Finally, we have extensive experience with the remaining convictions, and we are confident that we can reliably assess what sentence a military judge would have imposed on the remaining findings of guilt. *Id*. We are confident that the military judge would have adjudged the same sentence absent the errors noted. However, because the convening authority approved two years and one month less confinement than the military judge adjudged, we affirm that lesser sentence. *See* UCMJ art. 66(c) ("[A] Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority.").

4

## CONCLUSION

After consideration of the entire record of trial, appellant's assignments of error, and the matters personally raised by appellant pursuant to *Grostefon*, the findings of guilty of Specification 2 of Additional Charge I and Specification 1 of Additional Charge II are set aside and those specifications are dismissed. Specifications 2 and 3 of Additional Charge II are consolidated into the Specification of Additional Charge II, to read as follows:

> In that Private First Class Shelton A. Hunt, U.S. Army, did at or near Fort Bragg, North Carolina on or about 30 January 2011, conspire with Private (E-1) Cordic L. Coleman, Private First Class Kamarques K. Dyess, Private (E-1) Bryan C.N. Alston, and Private First Class Cerion R. Allen to commit offenses under the Uniform Code of Military Justice, to wit: robbery and housebreaking, and in order to effect the object of the conspiracy the said Private First Class Shelton A. Hunt did dress in black, acquire a firearm, travel to the dwelling house of another, conceal his face, and kick in the back door of said dwelling house to gain entrance.

The remaining findings of guilty are AFFIRMED. The sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5